## CHARLEY WHITE v. STATE.

No. A-3844.   Opinion Filed March 25, 1922.

Rehearing Denied Nov. 28, 1922.

(210 Pac. 313.)

(Syllabus.)

1. **Continuance—Absence of Witnesses—Lack of Diligence.**—On an application for a continuance on account of the absence of certain witnesses, where no subpoena was issued directed to the sheriff of the county where these witnesses resided, the application was properly overruled.

2. **Mayhem—Evidence of Feeling Between Parties Caused by Lawsuit.**—For the purpose of showing motive, either party to a personal physical encounter may introduce testimony tending to

show that ill feeling between the parties had been engendered by another lawsuit in which they were interested.

3.      **Mayhem—Instructions—Sufficiency.**—The instructions given and those refused examined, and held that the instructions given fairly cover the law of the case.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Charley White was convicted of the crime of maiming, and sentenced to two years' imprisonment in the state penitentiary, and he appeals. Affirmed.

J. G. Ralls, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.   Charley White, plaintiff in error, in this opinion referred to as the defendant, was by information originally filed in Atoka county charged with the willful and felonious maiming of A. W. Cope, on August 25, 1927, by biting off the left ear of A. W. Cope, thereby disfiguring his personal appearance. Later a change of venue was taken to the district court of Coal county.

On April 2, 1920, the defendant filed a motion for a continuance on the ground that Mist Gordon, Gardner Gordon, and Belle Lain, all residents of Atoka county, had been subpoenaed on behalf of the defendant by subpoenas issued by the court clerk of Coal county directed to the sheriff of Coal county and returned "not found in Coal county." The motion for a continuance was overruled, and the cause came on for trial before a jury, resulting in a verdict of guilty as charged, and assessing his punishment at two years' imprisonment in the state penitentiary. In due time a motion for a new trial was filed, which was by the court overruled, and judgment

rendered on the verdict. From this judgment and sentence the defendant appeals.

The first assignment of error urged by the defendant is the overruling of the motion for a continuance. This motion, together with the subpoenas attached and the return of the officer thereon, show on their face that due diligence had not been exercised by the defendant to procure these witnesses. No effort seems to have been made to have subpoenas issued directing the sheriff of Atoka county to summon these witnesses, who all resided in that county. The defendant should have known, and probably did know, that the issuing of subpoenas in Coal county, directed to the sheriff of that county, would avail nothing, for the reason that the witnesses did not reside in Coal county, and in all probability could not be found there. We think the motion for a continuance was properly overruled.

Defendant complains next that the court erred in permitting the introduction of incompetent and prejudicial testimony, in allowing A. W. Cope, the person alleged to have been maimed, to state, for the purpose of showing motive, that he had been a witness against the defendant in a criminal case pending in the district court of Atoka county. We think this evidence, explained by what preceded it and what followed it, was competent for the purpose of showing motive, premeditation, and as tending to throw light upon the question of which of the parties was the aggressor.

Defendant also complains of the remarks of the court during the cross-examination of the state's witness, Charley Sisson. After a prolonged cross-examination of this witness, including many repetitions, the court said:

"Objection overruled. I will tell you I am going to cut this cross-examination short; you are not going to draw this cross-examination out."

To these remarks of the court the defendant excepted. Under the circumstances here we see prejudicial error in these remarks of the court.

During the course of the examination of George Fronterhouse this question was asked the witness, "Isn't it a fact that Charley White's mouth is so small that he could not reach up and get it wide enough open to get Cope's ear in there?" To this question an objection was urged and sustained on the ground that it was argumentative. Charley White was in court, the jurors had the opportunity to observe the size of his mouth; the ear was also in court; we think the question did call for a conclusion of the witness and was argumentative, and that the court committed no error in sustaining the objection thereto.

The defendant requested the following instruction, which was by the court refused and an exception allowed:

"Before you would be authorized to convict the defendant in this cause you must find from the evidence beyond a reasonable doubt that the defendant, Charley White, bit off the ear of the prosecuting witness, A. W. Cope, and that said act of biting off the ear of the said Cope was done with a premeditated design to permanently disable, injure, or disfigure the said A. W. Cope, and unless you so find beyond a reasonable doubt you must acquit the defendant and say by your verdict not guilty."

Instruction No. 8 given by the court, touching on the question of self-defense, is as follows:

"You are instructed that in this case the defendant for his defense claims that at the time the injury was inflicted,

if any was inflicted upon the said Cope, that he and the said Cope were engaged in a personal conflict which had been brought on by the said Cope, and that at the time of the injury the defendant was acting in his necessary self-defense, in defending himself against an assault made by the said Cope, and that if in the difficulty the said Cope was injured the same was without any design upon his part to injure, disfigure, or disable the said Cope, but that he was simply acting in his defense; and the court instructs you that if you find that the prosecuting witness, A. W. Cope, was the aggressor in the difficulty and brought the same on, and at the time of the injury the defendant was acting in his own self-defense and had no design to injure, disfigure, or disable the said Cope, or if you have a reasonable doubt whether such design existed, then it would be your duty to acquit the defendant; otherwise you would convict him.''

Although three witnesses testified that they saw the defendant sever the ear with his mouth, it was the theory of the defendant that Cope's ear may have been severed from his head by his falling violently upon the corner of a concrete step where the difficulty occurred, and defendant complains that instruction No. 8, given by the court, eliminated from the consideration of the jury that theory of the case. This instruction was upon the question of self-defense, and was not intended to cover any other issue. No request was made by the defendant for an instruction covering the theory of the accidental severing of the ear by the defendant's falling upon the concrete step. The instruction requested by the defendant, quoted above, was too broad, and not a correct statement of the law applicable to the facts in evidence. Section 2345, R. L. 1910, defines maiming as follows:

"Any person who, with premeditated design to injure his personal appearance, or disables any member or organ of another, inflicts upon his person any injury which disfigures

his body, or seriously diminishes his physical vigor, is guilty of maiming.''

It will be seen that a premeditated design to injure another is the gist of the offense, and to state that the defendant should be acquitted if it did not appear beyond a reasonable doubt that the act was done with the premeditated design to permanently disable, injure, or disfigure the person assaulted goes beyond the purview of the statute. The court committed no error, therefore, in refusing to give this instruction in the language requested. The court did instruct the jury in the language of the statute, and we think the instructions as a whole fairly cover the issues of fact properly before the jury for their consideration.

Finding no prejudicial error in this record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.