## JONAS De ARMAN v. STATE.

No. A-5184. Opinion Filed Jan. 23, 1926.
(242 Pac. 783.)

J. A. Minton, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. Plaintiff in error, defendant below, was charged, tried, and convicted of maiming another, with his punishment assessed by the court at confinement in the penitentiary for a term of two years.

The evidence on the part of the state ténds to show that the defendant voluntarily and without provocation assaulted a Syrian shoe cobbler, an invalid, named Mallouf, as the latter was returning from his physician's office to his work bench; that the defendant struck Mallouf with his fist, knocking him prone upon the sidewalk; that he kicked him in the bowels, and, as Mallouf kept trying to arise, repeatedly knocked him back down on the sidewalk and into the street. In the course of the affray, Mallouf's hip bone and one finger were broken. The fracture of the hip bone caused one leg to be shorter than the other, and this injury a number of physicians testified was permanent.

The testimony of the defendant and his witnesses was to the effect that Mallouf was the aggressor, and that the defendant did no more than defend himself; that the injuries sustained by Mallouf were accidental and without any felonious intent on the part of the defendant to injure him.

This prosecution was predicated upon the provisions of article 22 of the Criminal Code, Compiled Statutes of

1921, of which sections 1765, 1768, 1770, and 1771 are as follows:

"Any person who, with premeditated design to injure another, inflicts upon his person any injury which disfigures his personal appearance, or disables any member or organ of his body, or seriously diminishes his physical vigor, is guilty of maiming."

"To constitute maiming it is immaterial by what means or instrument, or in what manner the injury was inflicted."

"A design to injure, disfigure or disable is inferred from the fact of inflicting an injury which is calculated to disfigure, or disable, unless the circumstances raise a reasonable doubt whether, such design existed."

"A premeditated design to injure, disfigure or disable, sufficient to constitute maiming, may be formed instantly before inflicting the wound."

An extended analysis of a number of the assignments of error urged by the defendant would serve no good purpose. These are sufficiently treated in the Attorney General's brief, to which the parties interested have access. With the exception of the question of premeditated design, the court, in substance, adopts the conclusions of the Attorney General.

In a prosecution for maiming, under the statute quoted, a "premeditated design to injure another" does not mean that there must be a design to maim the person injured in the exact way or to the extent actually perpetrated. Premeditated design is an element of the offense, but the design may be shown by proving a battery deliberately committed in a cruel way, or by methods or means likely to result in physical injury to the person assailed, though without an intent to inflict the particular injury sustained. White v. State, 22 Okla. Cr. 131, 210 P. 313; 26 Cyc. subject "Mayhem."

This defendant probably had no intention of break-

ing this man's hip bone, or his finger, but, according to the state's testimony, it is manifest that, when he knocked this disabled man down and brutally kicked him in the region of his bowels, and continued the assault by repeatedly knocking him prone upon the pavement, he had a premeditated desigr to injure him, within the meaning of the statutes quoted. The proof is also conclusive that the victim of the assault was permanently injured and disfigured.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.