## SAM HOUSTON v. STATE.

No. A-6486. Opinion Filed May 25, 1929.
(277 Pac. 687.)

Norman H. Wright, for plaintiff in error.

J. K. Wright, Co. Atty., and L. W. Harrod, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on the charge of having possession of a still and sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of four months. Motion for new trial was filed, overruled, exceptions saved, and the case appealed to this court.

The defendant objects first that the evidence is insufficient to support the verdict. This court has often held that the jury are the exclusive judges of the weight of the evidence, and that where there is a conflict in the evidence, or if it is such that different inferences can properly be drawn from it, the verdict of the jury will not be interfered with unless it is clearly against the weight of the evidence or it appears to have been influenced by passion or prejudice. If the jury believed the evidence offered by the state in this case, there is ample

to support the verdict. Since the jury found the defendant guilty, it is evident that they did believe the evidence offered by the state, and it was sufficient.

The defendant next urges that the trial court invaded the province of the jury in giving instruction No. 6 which is as follows: "The mere fact that a still or a part of a still or mash barrels were found on the defendant's premises a considerable distance from his residence is not sufficient to warrant a verdict of guilty, but it is a circumstance, together with all the other facts and circumstances, to be taken into consideration in determining the guilt or innocence of the defendant."

The evidence of the state was that the still was upon the premises of the defendant. The defendant admitted in his testimony that the still was on his premises, that he had been told by other parties that it was there, and that he was out where the still was, locating and investigating the report to see if it was true when he was arrested. Since there was no conflict in the evidence as to the still being on the premises of the defendant, it cannot be said that the court invaded the province of the jury in assuming a fact as proved which was not proved. Under the facts in the case the instruction complained of was evidently given by the court in favor of the defendant, and he could not have been prejudiced thereby.

The defendant next urges that section 2, chapter 42, Session Laws, 1923-24, which is the act under which the defendant was prosecuted, was unconstitutional. Defendant cites no authorities in his brief and does not point out any section of the Constitution which he complains the act violates. The act is constitutional, and the defendant was properly convicted under it. Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116.

Finally the defendant argues that the punishment is excessive. Where the jury hears the evidence, sees the witnesses, and has an opportunity to observe their demeanor on the witness stand, they are in a better position to determine the amount of punishment to be inflicted than is this court from an examination of the record. This court will not disturb the verdict of the jury unless it is made clearly to appear from the record that the jury were influenced by passion or prejudice in fixing the punishment. There is nothing in the record to indicate passion or prejudice on the part of the jury.

The defendant in testifying told such an improbable story in explanation of his conduct when found working with the mash near the still that the jury would be justified in disbelieving his story. The evidence being sufficient to support the verdict, and no substantial errors appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.