# W. O. ADAMS v. STATE.

No. A-6518.  Opinion Filed May 25, 1929.
(277 Pac. 688.)

Wm. A. Tidwell, for plaintiff in error.

Tom Finney, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of McCurtain county upon the charge of having possession of a still and sentenced to pay a fine of $100 and costs of the action and to be imprisoned in the county jail for a period of six months, and defendant now brings the case to this court on appeal.

The evidence of the state was that Joe Bolen and S. R. Bright, deputy sheriffs, found a still about four miles

from any human habitation upon the bank of a creek; that the officers could see the still under a shed on the bank of the creek and the defendant with one Johns was in the creek with a coil and a box and were trying to sink the box in the creek so the coil would go through the box and act as a cooler; that the defendants were actually engaged in connecting up the still with the coil and box at the time they were arrested by the officers. The officers found about 1,400 pounds of sugar near the still, together with about 3,000 gallons of mash and 240 gallons of tank. At the time the defendants were arrested, Johns said, "Adams just came to get some whisky and said he would stay until they could get some made." Joe Bolen testifying for the state said he had a conversation with the defendant and the defendant told him "that he came down to this still to get some whisky and they didn't have any and he decided he would stay and help make some." Johns pleaded guilty to the possession of a still, and, testifying for the defendant, said that he operated the still but did not know who owned it. The defendant testifying in his own behalf said that he only came the day before his arrest; that he was out fishing and had no interest in the still. Other witnesses testified for the defendant that the defendant lived at Mulberry, Ark., but, their information being based on what the defendant told them, the evidence was withdrawn from the jury.

The defendant first urges that the court erred in overruling his motion for new trial. This court has repeatedly held that the granting of a new trial is within the sound discretion of the trial court, and that this court will not reverse a case for error of the trial court in overruling the motion for new trial unless it affirmatively appears from the record that the trial court abused its discretion in overruling the motion. There is nothing in

this record to indicate any abuse of discretion in over-ruling the motion for new trial.

Defendant next complains that the court erred in his instructions to the jury, complaining particularly of instruction No. 1, which instruction merely states to the jury the substance of section 2, chap. 42, Session Laws of 1923-24. Where the court, in instructing the jury as to the law of the case, sets out the statute under which the defendant is being prosecuted, practically, in the language of the statute, the instruction is not erroneous.

Finally the defendant contends that the punishment is excessive and unjust. Considering the size of the still and the amount of mash and sugar on hand and the evident preparation for the manufacture of liquor on a large scale, it cannot be said that the punishment fixed by the jury was excessive.

The evidence being sufficient to support the verdict, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.