## GEORGE McCUTCHEON v. STATE.

No. A-6977.   Opinion Filed October 12, 1929.
(281 Pac. 594.)

L. F. Robertson, for plaintiff in error.

S. B. Laune, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Woodward county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $300 and to be imprisoned in the county jail for 90 days.

The evidence of the state is to the effect that John Bouquot, sheriff of Woodward county, accompanied by John Scaggs and Geo. Gilliland, deputy sheriffs, armed with a search warrant went to defendant's premises for the purpose of searching the same. When the officers drove up, the defendant was out in the road talking to some men in a car, and upon seeing the officers defendant started walking fast toward the house. Bouquot and Gilliland followed defendant to the house. Just before they arrived at the house defendant hurried to the door and threw something from a washpan out on the ground. As the officers approached the door they could smell whisky, and afterwards smelled the place where the liquor was thrown, and the ground had a strong odor of whisky. Upon a search of the house, a bottle was found partly full of whisky. Nothing further being found in the house, they then proceeded to search the premises. Nothing was found within the inclosure surrounding the house, but on the same 40 acres on which the defendant's house stood, and at a point about 200 yards from the house in a wheat field, the officers found a sack with two pints of whisky in it. A little farther on they found a two-gallon jug of whisky. Farther over in the field they followed some tracks, and there found another two-gallon jug of whisky. The search warrant directed the search of the N. ½ of the N. E. ¼ of section 35, which was the premises occupied by the defendant.

The defendant first complains that the evidence is insufficient to support the verdict of the jury. This court has always held that it would not disturb the verdict of the jury where there was any competent evidence tending to support such verdict. It is only where there is no evidence in the record to support the verdict that a cause will be reversed. Surrell et al. v. State, 43 Okla. Cr. 94, 277 Pac.

282; Adams v. State, 43 Okla. Cr. 179, 277 Pac. 688; Houston v. State, 43 Okla. Cr. 181, 277 Pac. 687.

The defendant next complains that, since the record contains no affidavit for a search warrant, therefore the search was illegal. The presumption of law is that a sufficient affidavit was filed before the search warrant was issued. The burden rested on the defendant to show either that no affidavit was made or that the same was insufficient as made. Unless the defendant incorporates the affidavit in his case-made, no question of the sufficiency of such affidavit is presented to this court for its consideration. Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785.

The defendant next complains that the court erred in refusing to give the following instruction offered by the defendant: "You are instructed that the evidence in this case is slight as to whether or not the five gallons of whisky, for the possession of which this defendant is charged, and you are instructed that if you find by the evidence submitted to you that same was in possession of, or belonged to defendant, beyond a reasonable doubt, then, you should convict him. But, if you do not find by the evidence submitted to you, beyond a reasonable doubt, belonged to, or was in the possession of the defendant, then your verdict should be for acquittal."

The proposed instruction was erroneous, for the reason that it required the court to comment upon the weight of the evidence, and was properly refused by the court. The instructions given by the court fairly covered the law of the case.

The errors complained of being without merit and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.