OTIS COLLINS et al. v. STATE.

No. A-7003. Opinion Filed Jan. 4, 1930.
On Rehearing Feb. 15, 1930.
(288 Pac. 353.)

Britton H. Tabor, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of McIntosh county on a charge of having possession of intoxicating liquor, to wit, six gallons of whisky, and their punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days for each of them.

The evidence of the state was that the officers went to the premises occupied by the defendants with a search warrant for the purpose of searching the premises. When the officers reached the house occupied by the defendant Scism, not finding the defendant at home, they tried to serve the copy of the warrant on a daughter of the defendant. She rushed to the back of the house and fired a gun apparently as a signal. The officers immediately left the house and scattered over the premises, and after a short time found a 50-gallon copper still with 6 gallons of whisky, 3 barrels of beer, some empty barrels and jugs. A team was in the orchard near the house with fresh tracks leading from the team to the still, and also fresh tracks leading from the house of the defendant Collins, who lived on the same premises. The evidence of the state further showed that the tracks that led from the team to

the still were different from those that led from the home of Collins to the still.

The defendants denied that they were the owners of or in possession of the still, or that they knew anything about the liquor. The court instructed the jury properly on circumstantial evidence.

This court has repeatedly held that, where there is any competent evidence in the record supporting the verdict of the jury, a new trial will not be granted because of insufficient evidence. Adams v. State, 43 Okla. Cr. 179, 277 Pac. 688; Miller v. State, 43 Okla. Cr. 184, 277 Pac. 687; Burrows v. State, 43 Okla. Cr. 256, 277 Pac. 685.

There being competent evidence in the record to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.

On Rehearing.

CHAPPELL, J. On the 4th day of January, 1930, an opinion was handed down in this case affirming the conviction as to both the defendants. The defendant George Scism has filed a petition for rehearing on the ground that the evidence was insufficient to support the verdict of the jury as to him..

The petition for rehearing is granted, and, upon a further consideration of the evidence, the court is of the opinion that there is not evidence sufficient in the record to support the verdict of guilty as against the defendant George Scism.

For the reasons stated, the cause is reversed as to him.

EDWARDS, P. J., and DAVENPORT, J., concur.