## ROY DIXON v. STATE.

No. A-7004.   Opinion Filed Jan. 17, 1930.
(288 Pac. 357.)

Blanton, Osborn & Curtis and Sandlin & Winans, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CAPPELL, J. The plaintiff in error, hereinafter called defendant, was jointly indicted with his brother, John Dixon, and charged with the murder of one Francis Pearce, alleged to have occurred on the 25th day of March, 1926. Roy Dixon was convicted and sentenced to serve a term of four years in the state penitentiary. This is a companion case to that of Dixon v. State (No. A-6830) 45 Okla. Cr. 218, 282 Pac. 686, in which case the codefendant, John Dixon, had been previously convicted of manslaughter and sentenced to a term of seven years in the penitentiary. This conviction was affirmed by this court on the 16th day of November, 1929.

The killing occurred at a country dance in the southwest part of Garvin county. The defendants asked for a severance of trial, and the state elected to try John Dixon first. In that trial the contention of the state was that John Dixon fired the shot that killed the deceased, Francis Pearce, and that Roy Dixon was an aider and abetter in the killing. In the case at bar the theory of the state was the same as in the trial of John Dixon.

The evidence of the state, in substance, was that defendant and Francis Pearce had engaged in a fight a short time previous to the killing, and that the defendant had received the worst of that encounter; that John Dixon took a revolver from his pocket, and attempted to kill deceased at that time; that the defendant with his brothers, Red

Dixon and John Dixon, left the house for a short while, and that the dance was resumed in their absence; that in a short time the defendant with his brothers returned to the room where the dance was being held, and that defendant immediately renewed the fight with deceased; and that, while deceased was being assaulted by defendant, John Dixon fired the shot which resulted in the death of Francis Pearce.

The defendant first contends that the evidence is insufficient to support the verdict of the jury. The theory of the state was that there was an understanding between the defendant and John Dixon, that defendant should renew the assault on Francis Pearce, and that John Dixon, being armed, should intervene therein and use said weapon upon the pretext that it was necessary to do so to defend his brother, the defendant, against any assault then being made upon him. This court has repeatedly held that, in passing upon the sufficiency of the evidence to support the verdict and judgment, it is only necessary that the court may find in the record a basis in the evidence upon which the judgment may. be sustained. Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115.

The state's evidence in this case furnished a basis upon which the jury could reasonably conclude that both' of these defendants were guilty of the crime of murder, and that it was plainly their intention to commit a felonious assault upon the deceased, and that they were acting together in the commission of that assault, and that the killing was a direct result of that assault, as contemplated by both of them. Where the evidence would support a conviction of murder, it is amply sufficient, if believed, to support a conviction of manslaughter. Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Jones v. State, 8 Okla. Cr. 576, 129 Pac. 446; Marshall v. State,

11 Okla. Cr. 52, 142 Pac. 1046; Hickman v. State, 32 Okla. Cr. 307, 240 Pac. 1097.

The defendant complains that the court erred in instructing the jury touching the question of his guilt of murder. Inasmuch as he was only convicted of manslaughter in the first degree, he will not be heard to complain of any instruction touching upon the law applicable to his guilt of the crime of murder. Irby v. State, 18 Okla. Cr. 671, 197 Pac. 526; Lady v. State, 18 Okla. Cr. 59, 192 Pac. 699; Agent v. State, 18 Okla. Cr. 281, 194 Pac. 233; Roberts v. State, 36 Okla. Cr. 28, 251 Pac. 612.

An examination of the instructions given and complained of in this case discloses that, taken as a whole, they cover the law of the case, and are as favorable to the defendant as the evidence warrants. Taken separately, some of the instructions may not correctly and fully cover every phase of the law of this case, but, taken as a whole, they are sufficient. McCarty v. State, 21 Okla. Cr. 365, 207 Pac. 1069; Ned v. State, 29 Okla. Cr. 389, 233 Pac. 1096; Lacy v. State, 30 Okla. Cr. 273, 236 Pac. 53; Houston v. State, 43 Okla. Cr. 181, 277 Pac. 687.

The defendant next contends that the court erred in refusing to give instructions requested by him. It is not error to refuse to give requested instructions where the instructions given by the court on its own motion are sufficient. White v. State, 22 Okla. Cr. 131, 210 Pac. 313; Jessie v. State, 28 Okla. Cr. 309, 230 Pac. 519.

The defendant complains of other errors, but they are not of sufficient importance to require a reversal of this case. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.