JAMES BOULDING v. STATE.

No. A-10645.    Feb. 5, 1947.
(177 P. 2d 152.)

Pierce & Pierce and A. L. Brook, all of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The defendant, James Boulding was charged by information in the district court of Muskogee county, Okla., on November 8, 1944, with the offense of maiming one B. H. Jarnigan.   The information alleged, in substance, that on September 24, 1944, the defendant James Boulding did knowingly, willfully, wrongfully, unlawfully, and feloniously, with premeditated design to injure one B. H. Jarnigan, inflict certain injuries upon him, among which was permanent impairment of the physical vigor of his right eye.   The case was tried to a jury and the defendant convicted and his punishment assessed by the jury at imprisonment in the penitentiary at McAlester, Okla., for the term and period of two years and six months and judgment and sentence was entered in accordance with the verdict.   From that judgment and sentence, this appeal has been perfected.

Briefly, the facts are:   The prosecuting witness, B. H. Jarnigan, resided in Fort Gibson, Okla., and held

the official position of constable. James F. Boulding also lived in Fort Gibson where he was engaged as a mechanic in the operation of a garage. The defendant had been arrested prior to the occasion herein involved by the prosecuting witness, B. H. Jarnigan, and had paid a fine of $13.60 in the justice of peace court for being in unlawful possession of whisky. The merits of that controversy are not herein involved, except to show motive.

It appears that the prosecuting witness walked past Boulding's garage on the day and time in question, where the defendant was working on a man's car. The prosecuting witness walked down the street to an ice dock and sat down by a man by the name of Shorty MacIntyre. He had been seated there a few minutes when Boulding walked up and said, "Hello, B. H." To which Jarnigan said, "Hello." There was nothing else said by them at this time. Boulding sat on the left side of Jarnigan for a minute, got up and walked around to the side of a beer joint, next to the ice dock, about ten feet east of where Shorty MacIntyre and Jarnigan were sitting. Jarnigan was waiting for a freight train to cross the tracks down the street so that he could go home. When the train pulled out, Jarnigan got up and started home. He had taken about five steps when the defendant Boulding came up from behind and struck him with a piece of metal. Jarnigan said the first lick paralyzed him, the next kind of waked him up and he reached back and got Boulding by the leg and then they went down together, with Boulding on top. Boulding kept hitting him in the mouth and in the eye and in the nose with the piece of iron. After the attack, Shorty MacIntyre and a man by the name of George Steele picked Jarnigan up and carried him across the street to a drugstore. He

was then taken to Doctor Wallace's, where the doctor pulled two loose teeth. Three other teeth were seen on the pavement at the scene of the fight.

The testimony, in relation to whether Boulding struck Jarnigan with a piece of iron, is conflicting, but credible. There is evidence that after the fight, defendant Boulding picked up a piece of metal near the scene of the fight and threw it in the back end of his truck. The defendant admitted that the piece of metal offered in evidence was the piece of metal that he threw in the back of his truck. It was described by Boulding as being a part of a tire-jack, which he had used while working on the automobile when Jarnigan passed him. The defendant denied that he had used any such metal, contending the beating was administered with his bare fists. In this denial, he was substantially corroborated by most of the witnesses.

The evidence further discloses that in addition to losing the five teeth, Jarnigan suffered a 90% permanent loss of vision in his right eye. The loss of vision in Jarnigan's eye was testified to by Doctor C. M. Fullenwider, a duly licensed, practicing physician in Muskogee, Okla., specializing in eye, ear, nose, and throat. His testimony, as to the disability of Jarnigan's right eye stands uncontroverted. Neither is the fact that Jarnigan lost five teeth controverted. The only substantial conflict in the testimony is in relation to whether Boulding administered the beating with his bare fists or a piece of metal held in his hand.

The defendant raises no legal questions but contends that the evidence is not sufficient upon which to base a conviction of maiming. Furthermore, that the jury justified their verdict on the belief that the iron instrument was used in the fight.

The sections of the statute involved in this case, are Title 21 O.S. 41 § 751, which reads in part as follows:

"Every person who, with premeditated design to injure another, inflicts upon his person any injury which * * * disables any member or organ of his body or seriously diminishes his physical vigor, is guilty of maiming." Title 21 O. S. 41 § 754, which reads in part as follows: "To constitute maiming it is immaterial by what means or instrument, or in what manner the injury was inflicted." Title 21 O. S. 41 § 756, which reads in part as follows: "A design to injure, * * * or disable, is inferred from the fact of inflicting an injury, which * * * disable, unless the circumstances raise a reasonable doubt whether such design existed." Title 21 O. S. 41 § 757, which reads in part as follows: "A premeditated design to injure, * * * or disable, sufficient to constitute maiming, may be formed instantly before inflicting the wound."

It is pertinent to here point out, that the question of disfigurement is not involved and therefore the provisions of section 755 do not apply. Only those portions of the statute are applicable which pertain to permanent disablement of an organ of the body, in this case, to wit, the right eye.

The only question involved in this case is whether or not the facts revealed from the record are sufficient to bring this case within the foregoing statutes and support the verdict of the jury. The first element to be determined is whether or not the defendant inflicted the injuries, herein complained of, with premeditated design. This court held in De Arman v. State, 33 Okla. Cr. 79, 242 P. 783, "premeditated design to injure another" does not mean that there must be a "design to maim the person injured in the exact way or to the extent actually perpetrated." Under the provisions of section 757, a premeditated design to injure or disable, sufficient to con-

stitute maiming, may be formed instantly, before inflicting the wound. The jury found these issues against the defendant. The evidence is ample to support its finding.

The record shows the defendant struck Jarnigan from behind without any provocation or warning and with such means as to inflict a permanent disablement to Jarnigan's right eye, to the extent of 90% loss of vision. The evidence to support the finding of disablement is uncontroverted, and supports the verdict.

This court has held, that, as an appellate court, it will not weigh conflicting and contradictory evidence which has been passed on by the jury of the trial court, but will interfere only where there is an entire absence of testimony upon some material issue or that the evidence so clearly preponderates in favor of the defendant as to suggest the probability that the verdict was the result of misapprehension or partiality, McMurtry v. State, 81 Okla. Cr. 24, 159 P. 2d 567; Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758; Salisbury v. State, 80 Okla. Cr. 13, 156 P. 2d 149. For numerous other authorities, see, Criminal Law, 1159 (3), West Digest System. There is ample evidence to support the verdict of the jury. This court has further held that the Criminal Court of Appeals will not substitute its judgment for that of a jury on disputed questions of fact, citing, Scott v. State, 80 Okla. Cr. 259, 158 P. 2d 728.

In this case, the fact that the defendant attacked Jarnigan and inflicted serious, permanent injuries upon him is not disputed. The only disputed question of fact in this case, is as to the means, instrument, or manner in which the injuries were inflicted. Under the provisions of Title 21 O. S. 1941 § 754, it is immaterial as to what means or instrument, or in what manner the de-

fendant inflicted the permanent disablement to Jarnigan's eye. It is of no consequence as to whether a piece of tire-jack was used or whether the defendant's fists were used, save and except by way of aggravation. It is sufficient that the jury found from the evidence that the attack was by premeditated design and the injury resulted in permanent disablement to Jarnigan's right eye. This court has so held in the case of Payne v. State, 21 Okla. Cr. 416, 209 P. 334. Therefore, the manner or means of inflicting the injury is not an essential element of pleading or proof in a case of this kind. In line with the facts, the applicable statutes, and the cases cited, we are therefore of the opinion that the evidence was ample to support the verdict of the jury and no other error being relied upon, the conviction, judgment, and sentence herein should be and the same is hereby affirmed.

BAREFOOT, P. J., and JONES, J., concur.