## HELEN CHAPMAN v. STATE.

No. A-10675.   March 19, 1947.

(178 P. 2d 638.)

42

O. H. Whitt, of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J. The defendant, Helen Chapman, and Ross Riley were jointly charged with making as assault on one Paul Kirks with a dangerous weapon, to wit: a fishing knife with a blade four (4) inches long with intent on the part of said defendants to do bodily harm to said Paul Kirks. The jury heard the evidence and found the defendant Chapman guilty and fixed her punishment at a year and a day in the State Penitentiary. The jury found the defendant Ross Riley not guilty. The facts are that Helen Chapman did assault Paul Kirks with the knife and inflicted wounds on his left breast and his upper left arm. Helen Chapman did not deny the assault. She testified she was after a girl named Annie Sanders; when Kirks interfered to stop her, she then made him the object of her assault. The evidence, though substantial, is conflicting in other incidental particulars.

The contention is made that the evidence is insufficient to support the verdict of the jury. This contention is without merit. In a long line of decisions, this court has held:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts." Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781.

In considering the sufficiency of the evidence, the function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably conclude that the accused is guilty as charged. Roberts v. State, 82 Okla. 75, 166 P.

2d 111. Moreover, the Criminal Court of Appeals will not weigh conflicting and contradictory evidence which has been passed on by the jury; see, Boulding v. State, 83 Okla. Cr. 352, 177 P. 2d 152; and in another recent decision this question as follows, Brown v. State, 81 Okla. Cr. 314, 164 P. 2d 401, wherein the court said in substance:

"Where the evidence is substantial though conflicting, this court will not reverse the same on the grounds of insufficiency".

In the case at bar, the evidence was certainly substantial, particularly when buttressed by the admissions of the defendant.

The final contention of the defendant is that the court committed error in not properly instructing the jury. This proposition is grounded upon the claim of a common law relationship of husband and wife between Helen Chapman and Ross Riley. It is further based upon the principle that the defendant had a right to defend herself when attacked and a right to defend her husband if he were attacked and he had the right to defend himself, McBroom v. State, 26 Okla. Cr. 352, 224 P. 210; Clemmons v. State, 8 Okla. Cr. 159, 125 P. 704. These principles of law are well recognized if applicable. If the facts support the contention of the common law relationship of husband and wife between Helen Chapman and Ross Riley, then the court erred in not instructing the jury on her right to come to the defense of her husband if he himself were acting in self-defense. The evidence tending to support the claim of the relationship of husband and wife between Helen Chapman and Ross Riley is to be found in the testimony of Albert Keith, as follows:

"Q. Did you see Helen Chapman or Ross Riley there? A. They was around there but I didn't see them. Q.

Where do they live? A. There at Alderson. Q. Do they live in the same house? A. What do you mean? Q. Are they married folks? A. I don't know, sir, whether they is or not—I guess might be.. Q. Do they live in the same house? A. Yes, I think they does. Q. She goes by the name of Helen Chapman and he goes by the name of Ross Riley? A. I don't know just how they go."

And the testimony of the defendant herself, as follows:

"Q. How long had you been down to Lorene's? A. I guess along about noon. Q. Did you leave home the same time Ross did? A. Yes. sir. Q. You and Ross live there in the same building? A. Yes, sir. Q. You went over to Lorene's and Ross went off to where he—went probably down to the school house? A. Yes, sir."

The inadequacy of the evidence above quoted to establish a common law relationship of husband and wife between the defendant and Ross Riley is apparent. The record affords none other. A common law relationship is contractual, just as is a ceremonial marriage. It must be founded upon a mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable of entering into such a contract; consummated by their cohabitation as man and wife as well as their open assumption of other marital duties. When such a claim is made, it must be supported by proof of these elements, Bothwell v. Way, 44 Okla. 555, 145 P. 350. The mere fact of living together, even if accompanied by cohabitation, does not constitute marriage, but only evidence thereof tending to raise a presumption thereof, Gustin v. Carshall, 156 Okla. 173, 10 P. 2d 250. Such a relationship, to be valid, must be supported by the recognition of the marriage relation by the parties themselves, by holding out each other as the husband and wife, respectively, Davis v. Reeder, 102 Okla. 106, 226 P. 880. In the absence of children, the evidence to establish such relationship

must be clear and convincing. Moreover, the proof of the reputation of the relationship must be general and not special, or divided, Richard v. Richard, 172 Okla. 397, 45 P. 2d 101. The evidence hereinbefore quoted wholly fails to meet the requirements necessary to establish that Helen Chapman and Ross Riley were common law husband and wife. It further fails to establish the fact that Ross Riley was in immediate peril at the time the assault was made upon Paul Kirks by the defendant. In fact, it discloses, at the time of the assault upon Kirks by the defendant, Riley was not then being attacked by anyone and that he did not participate in this particular phase of the altercation. Hence, the jury's exoneration of him. Because of the failure to establish the relationship of husband and wife, as required by law if one existed, and the fact that Ross Riley was not in peril at the time the assault was made upon Paul Kirks, therefore, the contention that the court erred in not instructing the jury on the defendant's second contention that the defendant had a right to come to the aid of her husband, if he himself was acting in self-defense, is without foundation. If it was the defendant's intention to rely on the latter propositions, she should have supported them by adequate proof and then by requested instruction covering that special issue. The defendant may have believed the evidence sufficient to support her theory. If so, as was said in Carpenter v. State, 56 Okla. Cr. 76, 33 P. 2d 637, 639:

"If, when the court instructed the jury, the defendant desired an additional instruction upon his theory of the case it was his duty to have prepared the same and requested the court to give it. In Ford v. State, 52 Okla. Cr. 321, 325, 5 P. 2d 170, 171, this court held:

" 'If the defendant desires special instructions in the trial of a criminal case, he is required by the provisions of our criminal procedure to present in writing to the court

the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instructions'". See, also, Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795.

Moreover, we find the defendant made no objections and saved no exceptions to the instructions of the court. This court has held in this connection in numerous cases and in Green v. State, supra:

"Where no objection is taken to the instructions of the trial court, such instructions will not be examined by this court for the purpose of discovering other than fundamental error."

It is clear from the record that this defendant failed to bring herself within the principles of law, hereinbefore announced, and finding no error in the record, the judgment and sentence of the trial court is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.