**Roy Everette BARLOW, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-12326.**

Criminal Court of Appeals of Oklahoma.

Sept. 26, 1956.

John W. Tillman, Fred A. Tillman, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Herein the appellant, Roy Everette Barlow, was convicted in the county court of Osage county of the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, was by the jury found guilty and his punishment fixed at ten days confinement in the county jail, and a fine of $10, with his license revoked for twelve months. One juror refused to sign the verdict.

From the history recited it is apparent that the jury experienced great difficulty in arriving at a verdict. The arrest was made outside the city limits of Barnsdall, by a city policeman, who had followed a Ford pickup out of town by reason of the racing of the motor. He apparently ar-

rested the defendant under authority conferred upon any private citizen to arrest another citizen for an offense committed in his presence. 22 O.S.1951 §§ 187 subd. 3, 202 subd. 1, 203. Here the city officer overlooked advising the defendant why he had stopped him, but on concluding that the defendant was intoxicated had summarily ordered him into his car. The officer, as he followed the defendant, had observed defendant's pickup being driven from one side of the highway to the other. His conclusion was without more that the driver was intoxicated. After stopping the pickup the town officer recognized the driver as being a person he said he had a few minutes before observed in a beer tavern drinking beer and walking around slapping other men on the back. Policeman Mehagan drove back to town with his prisoner, the defendant, and at the bank corner asked a man to go with him a short distance out and drive defendant's pickup back to the Ford Garage, as he was taking the defendant to jail at Pawhuska. The officer never learned the name of the volunteer driver, and had not seen him since. He said this driver rode out to the pickup in the back seat of the police car, and then drove defendant's car back to the Ford Garage and witness followed and obtained the keys to defendant's car from this driver. Witness said that defendant did not give him any trouble at all, but he said that he smelled alcohol on his breath, that he staggered when he walked, almost missed the seat of a chair when he went to sit down on arrival at the booking or reception room at the Osage county jail in Pawhuska. The sheriff's deputy and jailer thought defendant staggered and talked with a thick tongue, and each officer testifying felt that defendant was under the influence of some intoxicant.

The accused testified, denied having drunk any beer or liquor, denied being intoxicated, said that he did have trouble with his pickup on account of loose and worn spindle bolts, which he subsequently had to have replaced. He had been working in the oil fields many years as a pumper, and had worked at two leases near Barnsdall for four years and had earlier visited the leases, oiled the equipment and had started back home when arrested. He produced as a witness the automobile mechanic, Sam J. Lewis, the man whom the officer had gotten to drive his pickup back to town the night of the arrest.

Mr. Lewis denied volunteering to drive the car in, but said that the town policeman ordered him to do so. He denied that he sat in the back seat of the car, but said that he hung on to the outside of the officer's car. He denied smelling alcohol on defendant, and said that he did not think defendant was intoxicated. His answers to this part of the questioning were more or less hesitatingly given, however.

Two other witnesses testified for the defendant, but they did not know much about the facts in the case. One Notley testified to having driven defendant's pickup near the time of his arrest, and stated that the spindle bolts were defective. Also Mr. Lewis said that he had difficulty driving the pickup back to Barnsdall the night of defendant's arrest, on account of the worn spindles, although officer Mehagan did not observe it, and did not hear the engine race as Lewis started it.

The deciding factor in this case, it would occur to us, and a matter assigned as error, was the persistent cross-examination of the defendant by the county attorney, but we do not find the cross-examination to have constituted error. Defendant had said that he had no prior convictions. He was positive in his answer; there was no equivocation. However, the county attorney asked him on cross-examination if he had "plead guilty" to a charge like the present one, and defendant hesitatingly admitted that years ago he had, but he could not remember about it. Seemingly defendant thought there was a material difference between "pleading guilty," and being found guilty by a court or jury. Defendant was fur-

ther asked about a case where he was convicted in the court of common pleas in Tulsa County in 1951 on a charge alleged to have happened at Skiatook, and where he paid a $100 fine and $11.90 costs. He denied that he plead guilty. It was not developed whether or not he might have been found guilty after trial. At any rate, the county attorney did not put on evidence to prove the second conviction, but said he would would rely on the admitted conviction in Osage County.

■ ▮▮▮ From the above, while we find a sharp conflict in the evidence, there was competent evidence that defendant was to some degree under the influence of intoxicating liquor at the time of his arrest. There was also evidence that he was not intoxicated. Apparently the defendant's credibility in the eyes of the jury was weakened in view of the developments on cross-examination. His counsel had done a good job trying the case, but further results would be in the realm of a miracle. Bohot v. State, 89 Okl.Cr. 238, 206 P.2d 585; Pebworth v. State, 88 Okl. Cr. 97, 199 P.2d 621. See Tom v. State, 95 Okl.Cr. 60, 64, 239 P.2d 812, for a dissertation on "Chemical tests for alcoholic intoxication."

▮▮▮ Complaint is made as to instruction No. 7 given by the court. However, no objection or exception was made or reserved to any of the instructions at the time they were given. Chapman v. State, 84 Okl.Cr. 41, 178 P.2d 638. It was too late, after motion for new trial which contained no reference to instruction No. 7, to interpose the objection at that late time and now urged. We have further noted that instruction No. 7, criticized in this case by counsel for the defendant, is the instruction approved by this court in Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323, and appearing as paragraph 3 of the syllabus by the court.

For the reasons given, the judgment appealed from must be and is affirmed.

JONES, P. J., and BRETT, J., concur.