**Aaron Wayne McCARTY, Plaintiff in Error,**

v.

**The CITY OF TULSA, Defendant in Error.**

**No. A–13329.**

Court of Criminal Appeals of Oklahoma.

April 29, 1964.

Ollie W. Gresham, Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., Tulsa, William D. Borders, Asst. City Atty., Tulsa, for defendant in error.

BUSSEY, Judge:

This is an appeal from the Municipal Criminal Court of Tulsa, Oklahoma, wherein Aaron Wayne McCarty was charged with the offense of Trespass and violation of ordinances, Title 19, Sections 78 & 79, Municipal Ordinances of the City of Tulsa. He was found guilty by the Court and his punishment fixed at a fine in the sum of $10.00 and costs. From the Judgment and Sentence rendered in Case No. 8553, a timely appeal has been filed in this Court.

In the trial court the Municipal Ordinances, Title 19, Sections 78 & 79, supra, were entered of record by stipulation of parties, the same providing:

"Title 19, Section 78, TRESPASS. Trespass is for the purpose of this section hereby defined as the doing of an injury or misfeasance to the person of

another, or to the property of another person, when done with force and violence either actual or implied. It is further defined to include each and every actual entry upon the premises of another owner or person in possession of real property, without the owner's or occupant's consent express or implied. In all cases where the entry is made on premises which are posted or warning has been published to stay out and off of said premises, the burden shall be upon the defendant to show that such permission was given. Any person who shall enter in or upon any public property, except at times and upon conditions when the same is subject to public use shall be guilty of an offense. The use of any public building, except for the purpose of dispatching business with the public corporation shall in each and every case constitute a trespass unless the manner, purpose and extent of its use is first presented to the Board of Commissioners and its consent first obtained. Trespass as herein defined is hereby declared to be an offense and shall be punished as herein provided."

"Section 79, PENALTY. Any person who shall violate any provision of this chapter shall be guilty of an offense and upon conviction shall be punished in any amount not exceeding twenty ($20.00) dollars including the costs." Case made pgs. 9 & 10.

Since the sole question urged on appeal is that the evidence introduced on behalf of the State was insufficient to support the Judgment of the Court, we deem it necessary to set forth the pertinent facts as they were presented.

On direct examination, Mr. Preble, Manager of Wynn's Drive-in, 6601 E. Admiral Pl., Tulsa, Oklahoma testified that in the absence of Mr. Wynn, owner of said drive-in, he was in charge of same, and that one month prior to the afternoon of September 12, 1962, he had, in the presence of a police officer, asked defendant McCarty, to leave

the premises and not return, that he was not welcome, and that this order had not been rescinded at any time and permission had not been granted defendant to return to the premises. On the day in question, upon seeing the defendant walk into the dining room he called the dispatcher and asked for a patrolman to come and arrest the defendant and his companion.

The defendant took the stand in his own behalf and admitted that Mr. Preble had asked him to leave the premises approximately one month prior to the date in question, but that he had been granted permission to return on certain conditions and had done so almost every night, and had been served on each occasion. On cross examination defendant testified that he had been convicted of Public Disturbance, at Wynn's Drive-in, reduced to Malicious Mischief.

On rebuttal, Mr. Preble reiterated that prior to the date in question he had advised the defendant not to return to the premises and specifically denied that he had ever given permission to defendant to return or ever having served him subsequent to giving the defendant said notice approximately one month earlier; that said notice was given due to defendant's conduct while on said premises; loud and boisterous talk, bothering other customers and on one occasion the shooting of a water pistol in the dining room.

From the facts it is readily apparent that the evidence, although conflicting, was sufficient to support the Judgment of the Court. Under the circumstances we follow the rule that:

"Where the evidence is substantial, though conflicting, the Criminal Court of Appeals will not reverse the same on the ground of insufficiency." Chapman v. State, 84 Okl.Cr. 41, 178 P.2d 638.

"Where there is substantial evidence to support the verdict, conviction will not be reversed on ground of insufficiency of evidence merely because evidence is conflicting." Brown v. State, 81 Okl.

 

Cr. 314, 164 P.2d 401; Butler v. State, 78 Okl.Cr. 133, 145 P.2d 215.

On the record before us we are of the opinion that the Judgment and Sentence should be and the same is hereby Affirmed.

Affirmed.

JOHNSON, P. J., and NIX, J., concur.