## JOE ESTES v. STATE.

No. A-5834. Opinion Filed Nov. 22, 1926.
(250 Pac. 809.)

J. S. Garrison and Yerker E. Taylor, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that in Garvin county, November 8, 1924, Joe Estes did have in his possession about 1½ gallons of corn whisky, with the unlawful intent of selling the same. On the trial, the jury returned a verdict as follows:

"We, the jury, impaneled and sworn in the above-

entitled cause, do upon our oaths find, from the law and the evidence, the defendant, Joe Estes, guilty, as charged in the information, of unlawful possession of intoxicating liquor and assess his punishment at $250 and six months in county jail, with the recommendation that he be paroled on good behavior on the jail sentence."

Motion for new trial was duly filed and overruled. The judgment of the court was that defendant pay a fine of $250 and serve six months in the county jail. From such judgment, he appeals.

It is assigned as error that the verdict is so uncertain that no valid judgment can be rendered thereon.

In our opinion, the verdict of the jury is not uncertain. It fixes defendant's punishment, and the clause in it to which the defendant objects is merely a recommendation that the court suspend the jail sentence imposed during good behavior. It is, in no sense, a part of the verdict. It was improper to make this recommendation in the verdict, but it does not affect the verdict in any way and is not prejudicial to the defendant.

Under the assignment that the court erred in overruling the defendant's motion for a directed verdict, it is contended that there was no evidence tending to support the allegations in the information, except such evidence as was procured by an illegal search of the defendant's home.

J. R. Moore, town marshal, testified that he had a search warrant, but he did not show it to the defendant or defendant's wife; that, later, he turned it over to Mr. Ross.

W. E. Ball, deputy city marshal, testified that he accompanied his chief, but did not see a search warrant or know anything about one.

R. W. Ross, justice of the peace of Lindsay town-

ship, testified that he issued a search warrant to search the premises of the defendant on a complaint made by Town Marshal Moore, but he has been unable to find the complaint and did not think the warrant was ever returned to him.

Charley Worley testified that, as sheriff of Garvin county, he received from J. R. Moore some liquor, purported to have been seized at the home of the defendant, Joe Estes.

The defendant, Estes, testified that he has conducted a shoe shop in Lindsay for six years and lived in another part of town with his wife and child; that Jack Sullivan delivered the whisky the night before the officers seized it.

The defendant's wife testified that Marshal Moore appeared at the house and said that he came to search the place; she asked him to show a search warrant, and he said he had it in his pocket, but did not show it to her.

Affidavit of complaint, upon which a liquor search warrant issues, is required to be filed and remain on file in the office of the officer who issues such warrant, and the officer is required to make return of such warrant, within three days, showing all acts and things done thereunder. A copy of said warrant shall be served upon the person or persons found in possession of any intoxicating liquor, and, if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same is found. Section 7009, C. S. 1921.

The record shows beyond a doubt that no search warrant was served, as required by law, and the search of the defendant's home was without authority of law. It has been repeatedly decided by this court that evi-

dence in liquor prosecutions, obtained by an unlawful search and seizure and contrary to section 30 of the Bill of Rights, is inadmissible against the defendant as being in violation of section 21 of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself. Committi v. State, 28 Okla. Cr. 380, 231 P. 316, and cases cited.

It also appears that the instruction given by the court in connection with the statutory definition of prima facie evidence, which was excepted to, is faulty, in that it places on the defendant the burden of rebutting the unlawful intent.

For the reasons stated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.