## GUS KEY v. STATE.

No. A-6589.   Opinion Filed July 20, 1929.
(279 Pac. 931.)

Sigler & Jackson, for plaintiff in error.

F. M. Dudley, Co. Atty., and M. Shilling, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $50 and to be imprisoned in the county jail for 30 days.

On the 7th day of December, 1925, C. C. Keirsey filed an affidavit for a search warrant; the charging part of the affidavit is as follows:

"The State of Oklahoma, Carter County—ss.

"In the Name of the State of Oklahoma.

"The State of Oklahoma, Plaintiff, vs. Gus Key, Defendant.

"Application for Search Warrant.

"C. C. Keirsey, of lawful age, being duly sworn, on oath deposes and says: That in Carter County, State of Oklahoma, on the 7th day of December, 1925, the above named defendant, C. C. Keirsey at number 125 East Main street, being on the corner of Main & A st., N. E. in the City of Ardmore, Oklahoma, Street, known as 'Western Pharmacy' Drug Store. A brick building on First Floor on Lot 15, Block 323 City of Ardmore, Oklahoma in Carter County, did, then and there unlawfully have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors, described as follows, to wit: Whisky, beer, and wine, and other compounds, the same being intoxicating, and which are capable of being used as a beverage, in violation of law, contrary to the form of the statutes in such cases made and provided against the peace and dignity of the state of Oklahoma."

The affidavit then recites sufficient grounds for the issuance of a search warrant. It will be noted that C. C. Keirsey swears that C. C. Keirsey has in his possession intoxicating liquors. Upon this affidavit the county court issued a search warrant, the caption of which is as follows:

"Search Warrant.

"The State of Oklahoma, Carter County—ss.

"In the Name of the State of Oklahoma.
"To Gus Key."

It will be noted that the search warrant is directed to the defendant, Gus Key. Section 2876, Comp. St. 1921, provides:

"A search warrant is an order in writing in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate."

Section 2880, Comp. St. 1921, provides:

"If the magistrate be thereupon satisfied of the existence of grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant signed by him, with his name of office, to a peace officer in his county, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the magistrate, and also to arrest the person in whose possession the same may be found, to be dealt with according to law."

Section 2881, Comp St. 1921, provides:

"County of———

"In the Name of the State of Oklahoma. To any sheriff, constable, marshal, or policeman in the county of ———. * * *"

Section 2882, Comp. St. 1921, provides:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

Under the sections above quoted, the search warrant must be directed to a peace officer, he may be any sheriff, constable, marshal, or policeman, and the warrant can only be served by the officer mentioned in its direction, and by no other person except in aid of the officer, on his requiring it, he being present and acting in its execution. This section forbids the service of a search warrant by a private citizen.

In the case at bar there are inexcusable errors. In the first place, Keirsey swears that Keirsey has possession of the intoxicating liquors, while the caption of the affidavit states that Gus Key is the defendant. The warrant is not directed to any peace officer, but is addressed to Gus Key, and he is directed to search himself. We are unable to understand how any public official should be so careless or incompetent in so important a matter as this. Neither the affidavit nor the warrant comply with the simple requirements of the sections of the statute quoted, and the issuance conferred on Keirsey no authority to make the search and seizure under the same.

The objections of the defendant should have been sustained and the evidence obtained under the search warrant not admitted. For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.