L. E. STURNS v. STATE.

No. A-7113.    Opinion Filed March 8, 1930.
(287 Pac. 805.)

Allen & Grigsby, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was by information charged with unlawfully and willfully manufacturing, fermenting and possessing a compound mixture, mash, wort, and wash, fit for distillation and the manufacture of alcoholic liquor, to wit, whisky, the sale, barter, giving away, and otherwise furnishing of which is prohibited by the laws of the state of Oklahoma.  He was tried, convicted, and sentenced to pay a fine of $100, and to be imprisoned in the county jail for a period of sixty days.  Motion for new trial was considered and overruled, and the case appealed to this court.

The defendant demurred to the  information  filed against him, which demurrer was overruled, and defendant duly excepted.  The defendant then moved to suppress, the evidence of the state, on the ground that the same was procured under and by the use of an illegal search warrant, and for the further reason that the purported copy of the search warrant served on the defendant was not a copy within the meaning of the statute in such cases made and provided, and attached the purported copy of the

search warrant that was served upon him to his motion to suppress the evidence. Evidence was taken upon the motion to suppress, at the conclusion of which the court overruled the motion and directed the case to proceed to trial.

The state then called Y. H. Saunders, who testified he was deputy sheriff and jailor of Cleveland county. He testified that on the 15th day of February, 1926, he made an affidavit for a search warrant to search the premises of the defendant, which testimony was objected to, and his objections overruled by the court, and the defendant duly excepted. The state then, over the objection of the defendant, offered the search warrant that the sheriff claimed to have operated under when he searched the defendant's premises.

On cross-examination the witness Saunders was asked if he served any one on the premises, claimed to have been searched by him, with a copy of the search warrant, at the time he started to make the search, and answered he did. Witness was then handed Defendant's Exhibit No. 1, and asked to state if that was a copy of the original, and stated it was. He was then asked the following:

"Q. Is that the copy you served? A. Outside of the judge's name.

"Q. Is that the copy you served? A. Yes, it is.

"Q. Does that copy have the judge's name on it? A. It does not, but the original did."

This is, in substance, the testimony upon the question of the service of the search warrant on the defendant when the officer went to his home to search.

The question to be determined by this court is: Did the officers comply with the law in serving the search war-

rant, or was the service void by reason of the fact that the copy required by the statute to be served on the party in possession, if any one was found in possession, or to be posted at the place searched if no owner was in possession, did not comply with the statute. That part of section 7009, C. O. S. 1921, relating to the services of the search warrant, is as follows:

"A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door * * * or room wherein the same are found."

It will be observed that the statute requires that a copy of the search warrant shall be served upon the person or persons found in possession of the liquors. The statute is clear and unambiguous, and when the word copy is used it means that when the warrant is served, a complete copy of the original warrant must be served upon the parties found in possession of the liquors, or if no one is found in possession of the building, a copy must be posted on the building. As shown by the officer who claims to have had the search warrant, the paper he served upon the defendant did not have the name of the county judge attached to it. This being true, the paper he served upon the defendant was a blank and meaningless, as the warrant could not be valid unless it had been signed by the officer who issued the same, and it amounted to nothing more than a blank which any one might properly pass out to an individual found in possession of the building the officers desired to search.

The statute is mandatory and requires the officer to serve a copy of the search warrant upon the person or

persons found in possession of the building, if any are in possession where the liquors are found.

Section 30, art. 2, of the Constitution, is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

In Key v. State, 43 Okla. Cr. 450, 279 Pac. 931, this court said:

"To authorize the search of the premises or person of the defendant, the search warrant must be in writing, in the name of the state, signed by a magistrate, and directed to a peace officer commanding him to search for personal property and bring it before the magistrate."

In Murby v. U. S., 293 F. 849, the United States Circuit Court of Appeals for the First Circuit held:

"A direction in a search warrant to an officer to 'do and report concerning the same as the law directs' was sufficient to require service of a copy of the warrant and receipt for property taken, as required by Espionage Act, tit. 11, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §10496¼1 [18 USCA § 622]), but the return should affirmatively 'report' that the officer served a copy of the warrant and a receipt for property taken.

"If Espionage Act. tit. 11, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼1 [18 USCA § 622]), requiring service of copy of search warrant and receipt for articles taken, is not complied with, evidence obtained is inadmissible."

In Lindsay v. Board of County Commissioners, 56 Kan. 630, 44 Pac. 603, the syllabus reads as follows:

"A paper purporting to be a summons, and which is not signed by the clerk of the district court, is invalid; and a motion made by the defendant, who specially appears, to set aside the service of a copy of the paper made upon him, should be allowed."

In Estes v. State, 35 Okla. Cr. 335, 250 Pac. 809, in the body of the opinion, the court said:

"Affidavit of complaint, upon which a liquor search warrant issues is required to be filed and remain on file in the office of the officer who issues such warrant, and the officer is required to make return of such warrant, within three days, showing all acts and things done thereunder. A copy of said warrant shall be served upon the person or persons found in possession * * * and, if no person be found in possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same is found. * * * The record shows beyond a doubt that no search warrant was served, as required by law, and the search of the defendant's home was without authority of law. It has been repeatedly decided by this court that evidence in liquor prosecutions, obtained by an unlawful search and seizure and contrary to section 30 of the Bill of Rights, is inadmissible against the defendant as being in violation of section 21 of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself."

The record discloses in this case that no service of the search warrant was made on the defendant, nor even a purported copy of the warrant. The motion of the defendant to suppress the evidence and his objection to the introduction of the same on the ground no copy of the search warrant was served upon him was well taken, and the court erred in not sustaining the same.

There are many other errors urged by the defendant in this case, but, the view we take of this record, it is not

necessary to consider them. For the reasons herein stated, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.