# W. C. CAMPBELL v. STATE.

No. A-8328.   May 14, 1932.
(11 Pac. [2d] 536.)

W. B. Grigsby, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county of having the unlawful possession of whisky, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

It is argued that the court erred in admitting the whisky found as evidence for the reason that it was not sufficiently identified.   Section 7016, Comp. Stat. 1921, provides that liquors seized under search warrant shall be preserved for use as evidence, and officers seizing liquor are required to mark the bottles or containers for identification.   This provision was not complied with by marking the bottles or containers.   This provision is directory, and the failure to mark the containers did not

render the search invalid nor the evidence obtained inadmissible if otherwise properly identified. Youngblood v. State, 32 Okla. Cr. 336, 240 Pac. 1100; Howard v. State, 39 Okla. Cr. 336, 265 Pac. 149.

It is next urged that the court erred in his instructions defining the term "prima facie evidence." That part of the instructions complained of is identical with the instruction held erroneous in Walton v. State, 52 Okla. Cr. 24, 3 Pac. (2d) 212. No exception was reserved to this instruction. It is settled by many decisions of this court that, where no objection or exception is made to an instruction, such instruction will not be examined by this court for the purpose of discovering other than fundamental error. The error here is not fundamental.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.