## J. M. RULE v. STATE.

No. A-10634.    June 18, 1947.

(182 P. 2d 525.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   This is an appeal from a judgment and sentence of conviction rendered in the county court of Kiowa county, pursuant to a verdict of a jury finding the defendant, J. M. Rule, guilty of the offense of driving an automobile on the public highway while under the influence of intoxicating liquor.

The only issue presented in the brief of the defendant is that the evidence is insufficient to sustain the judgment of conviction.

The evidence showed that about 8 or 8:30 p. m., December 12, 1944, the defendant was driving his automobile on Main street in the city of Hobart. He attempted to park his car and hit the right rear fender of a parked automobile damaging the fender of the parked automobile and also damaging the left front fender of the defendant's automobile. Immediately after the collision, the defendant, without getting out of his car to determine the extent of the damage, backed his automobile out into the street and drove to the next block where he parked his car and walked into a cafe. Some of the witnesses who saw the collision testified that the defendant staggered as he walked across the street. He was arrested in the cafe within a few minutes after the collision and the arresting officers, together with four other parties who saw him in the jail after his arrest, testified that defendant was drunk. The defendant put on some reputable witnesses who testified that he was not drunk. One of these witnesses was the late Jess G. Reed, former Commissioner of Insurance, who was well known by this court and whose integrity and truthfulness was unquestioned. If we had been on the trial jury and had heard the evidence presented on behalf of petitioner, the testimony of Jess Reed would have carried great weight with us. But, the question now presented to us is the sufficiency of the evidence to support the verdict of the jury.

The rule adhered to by this court is well stated in the case of Sheehan v. State, 83 Okla. Cr. 41, 172 P. 2d 809, 810, as follows:

"Before Criminal Court of Appeals will interfere with verdict of jury on ground that evidence was insufficient to sustain conviction, there must be no competent evidence in the record upon which the verdict could be based."

Under the evidence, the jury would have been justified in returning a verdict either for the state or defendant. Since there is competent evidence in the record to support their finding of guilt, under the established law of this state as shown in the above-cited authority, the judgment and sentence of the county court of Kiowa county is affirmed.

BAREFOOT, P. J., dissents. BRETT, J., concurs.

BAREFOOT, P. J. I am forced to dissent from the majority opinion rendered in this case.

I recognize the rule of law that where there is a conflict in the evidence, and the jury has passed upon the same, the verdict will not be set aside, when the evidence of the state is sufficient to sustain the same. Strictly applying this rule, it may be said that there is evidence to sustain the judgment in this case. But an examination of the record as a whole so demonstrates to my mind the injustice of this verdict, that I do not think it should be sustained. Several officers testified that in their opinion the defendant was drunk at the time of his arrest, some 15 minutes after the accident, and when he was taken to jail. Other parties who saw the accident testified he staggered as he left his car to go across the street to the restaurant.

The facts out of which this charge arose are that defendant, who was a highly respected citizen of Hobart and who at one time had been superintendent of the Hobart public schools, attempted to park his automobile in the public square of the city of Hobart, about 8 or 8:30 on the evening of December 12, 1945. He was driving about 15 miles an hour. Another automobile was parked at the curbing, and defendant, in attempting to park,

being blinded by lights of other automobiles, struck the right fender of the parked car with the left end of his bumper and fender. No one was in or near the car that was struck, no one was injured, and the damage to the car was slight. Defendant, after striking the other car, backed his car out, drove a short distance from the scene of the collision, and parked his car. He entered a nearby restaurant, the El-Roy Cafe, for the purpose of ordering his dinner which he did, and while so engaged, he was arrested by two city policemen who had been called by the sheriff's office to make an investigation. While the testimony of several officers and others was positive as to defendant being drunk a short while after the collision, numerous witnesses who were disinterested and outstanding citizens testified that they were with defendant just prior to the occurrence, and just after it happened, and all testified that defendant was not drunk or under the influence of liquor. The defendant was with one citizen who testified that they had drunk two glasses of beer just prior to the collision, and another testified he had just left the defendant as he was getting in his car and that he was not drunk. Several persons who were in the restaurant at the time defendant was arrested by the policeman testified that defendant was not drunk or intoxicated and that he was not doing anything to cause a belief that he was intoxicated.

Mrs. Peters, the proprietor of the cafe, testified:

"Q. Did he indicate anything that would show that he was drunk or under the influence of intoxicating liquor that night? A. No. Q. And was perfectly gentlemanly while he was in your cafe? A. Perfectly, yes, sir."

Honorable Jess Reed, now deceased, who was State Insurance Commissioner and whose home was in Hobart,

and John M. Poole, an outstanding citizen of this state, and who were friends of the defendant, both testified that they went to the jail about 9:30 to see the defendant, and that in their opinion he was not drunk or under the influence of intoxicating liquor. The defendant later in the night was released to them, and they accompanied him home.

The defendant, testifying in his own behalf, stated that he was not drunk or under the influence of liquor. That he had come to town and parked his car and entered a tavern. A friend of his, Doc Quinn, who testified for the defendant, was there and asked him to have a glass of beer. They then took a second glass, for which defendant paid. They left the tavern and met D. B. Tramel, who also testified for defendant, and after a short conversation, defendant entered his automobile and drove to the place where the accident occurred. As defendant attempted to park his car, he was blinded by a city light and the lights of another automobile, drove too close to the parked car, and struck the fender as above stated. No one was present or in the parked car, and defendant backed up, then drove to the nearest parking place and parked his car and went into the restaurant to secure his dinner. Defendant wrote down the number of the tag on the car he had struck, so that he could find the owner after he had finished his dinner, and arrange to pay any damage he had done the car. He presented this memoranda at the trial. He also testified that he had soon thereafter paid all of the damage to the owner of the car which had been struck by him.

As above stated, I realize that there is a conflict in the evidence in this case, and that under the rule of law announced in the majority opinion herein rendered, the

judgment of the lower court may be sustained, but, under the record, I am of the opinion that the finding of defendant guilty under the testimony was an injustice, and I therefore dissent.