## PARKER v. STATE.

No. A-11116. March 15, 1950.

(216 P. 2d 340.)

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.  The defendant, Bob Parker, was charged by information in the court of common pleas in Tulsa county, Okla., with the offense of being in unlawful possession of 6 pints and 1 one-fifth gallon of tax-paid whisky and 1 one-fifth gallon of tax-paid gin.  He was tried by a jury, convicted and his punishment fixed at 30 days in jail and a fine of $100 and judgment and sentence entered by the court accordingly.

It appears that the officers Roy Rains and M. E. Gibson procured a search warrant to search the south upstairs apartment occupied by the defendant, Parker, which premises were located at 120 North Madison in Tulsa, Okla.  Pursuant to the search warrant they served the same on the defendant the 30th day of March, 1948, in a little house back of the building in which the apartment was located.  The defendant promptly produced a key to the Yale lock and opened the door at the foot of the stairs, and then accompanied the officers up the steps to the apartment.  There were two apartments, the south apartment as hereinbefore indicated, occupied by the defendant, and the north one being occupied by a Mr. Frazier who was away and his apartment was locked.  Between

the two apartments was a little foyer or a hall, at the front end of which was a bathroom not connected with either of the apartments, but subject to their occupants' joint use. On one side of the bathroom was a small storage room which could only be reached through the bathroom. It was in this room that the officers found the liquor in a suitcase. The intoxicants therein contained consisted of such standard brands of liquor as I. W. Harper, Hill & Hill, etc., all tax paid. While the search was being made the telephone rang and the defendant answered it. He told the person at the other end of the line "Roy is here" (meaning Officer Rains), and then hung up. He did not answer when asked who was calling. After the liquor was found Officer Rains testified he chided the defendant about not having more whisky, and the defendant said he was low, low on his supply. The defendant did not testify in his own behalf and deny the facts as developed by the state or deny that the whisky belonged to him.

The whisky so seized had been destroyed by order of the court and was not available as evidence. The defendant interposed a motion on the day of the trial for its production, which was overruled by the court before trial.

The defendant urges five grounds for reversal of the conviction herein obtained. First, he says the court erred in giving instruction No. 3. It nowhere appears in the record of the trial, herewith presented, that the defendant at any time objected to the giving of instruction No 3, or requested the giving of any other instruction in lieu thereof, the statement contained in their brief notwithstanding to the contrary. This contention is therefore without merit under the condition of the record. In Gentry v. State, 86 Okla. Cr. 92, 189 P. 2d 626,

628, wherein the instruction was almost identical with instruction No. 3, this court said:

"This was an instruction similar to one given in the case of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, cited by defendant. An examination of the record reveals that no exception was taken to the giving of this instruction in the instant case, as there was in the Hughes case. It has often been held that the failure to except to the giving of an instruction constitutes a waiver of the right to question the same."

In syllabus 2, it was said:

"Where instructions are given by the court and no exceptions are taken thereto, and defendant offers no requested instructions, this court will examine the instructions to see if the defendant has been deprived of a fundamental right before reversing the case by reason of the instruction given."

To the same effect is Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638; Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795; Campbell v. State, 53 Okla. Cr. 315, 11 P. 2d 536. The giving of instruction No. 3 did not constitute fundamental error. This contention under the conditions herewith presented therefore cannot be sustained.

The defendant's second proposition is that the court erred in overruling his motion demanding that the state produce in evidence the liquor seized in the search. As hereinbefore stated, defendant's motion was filed on the day of the trial. It appears at the time of arraignment no request was made that the same be available as evidence at the trial. Moreover, the defendant did not question the alcoholic content and intoxicating character of the liquor seized in the search, nor did he question the kind and quantity of the liquor so seized. The reason is obvious. The liquor was of standard brands, bottled

in bond whisky and gin such as Hill & Hill, I. W. Harper, etc. The record shows the liquor had been destroyed by court order. In State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321, this court held that possession of intoxicating liquor is a question of fact for the determination of the jury and it is not necessary for the state to produce the liquor as alleged in the information before conviction may be had for the unlawful possession thereof. Possession of intoxicating liquor may be established by facts other than production of the liquor itself. Under these conditions this contention is likewise without merit.

Third, the defendant contends that the trial court erred in receiving the verdict in the form in which it was returned without further instructions thereon. This objection goes to the proposition that the jury recommended suspension of the jail sentence. The record shows that the defendant objected and excepted to the form of the verdict but made no request for further instructions thereon. In Cole v. State, 70 Okla. Cr. 109, 104 P. 2d 981, this court refused a reversal on almost identical grounds. Therein it said:

"In our opinion the verdict of the jury is not uncertain. It fixed the defendant's punishment, and the clause in it is merely a recommendation that the fine be remitted. It is in no sense a part of the verdict. It was improper to make this recommendation in the verdict, but it does not affect the validity of the verdict, and was not prejudicial to defendant. Estes v. State, 35 Okla. Cr. 335, 250 P. 809."

The Estes case is very similar to the case at bar as to the form of verdict. Therein in syllabus 1 it was said:

"The inclusion in a verdict of recommendation that the court suspend the jail sentence imposed during good behavior is improper, though not prejudicial to defendant."

The defendant's fourth proposition is that the trial court erred in permitting the county attorney in the course of his closing argument to refer to the fact that the search warrant was only issued on probable cause and there must have been probable cause for the issuance before the same was issued. Only this isolated excerpt of the argument is before us. The error was called to the attention of the trial court after the jury had retired for deliberation. It appears that the statement of the prosecutor may have been invited by argument of defense counsel and that the excerpt was in reply to what had been said for the defendant. Under this state of the record, we cannot consider this contention, as it has been repeatedly said in Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191, 192:

"Ordinarily, error cannot be predicated upon mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and whether or not they were invited or provoked by remarks made by opposing counsel."

To the same effect is Wilson v. State, 90 Okla. Cr. 180, 212 P. 2d 172; McDonald v. State, 59 Okla. Cr. 318, 58 P. 2d 345; Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646.

Finally, the defendant contends that the evidence was insufficient to sustain the conviction. It is urged that because the liquor was found in the small room off the bathroom, which was used by persons other than the defendant, that the evidence was insufficient to show the defendant had such dominion and control over the liquor as would give him power to dispose of the same. The fact of dominion and control was established by the testimony of Mr. Rains to the effect that he chided the de-

fendant about having such a small quantity of liquor, to which the defendant replied he was low, low on his supply. This admission stands uncontradicted. The liquor supply to which reference was made is certain. It was the liquor then being seized. It constituted an admission of the defendant of dominion and control over that liquor. Standing undenied by the defendant or any other witness it must be taken as the truth. While it is none too strong under the conditions, the jury had a right to believe it. Even where the evidence is conflicting the weight of the same is for the jury. This court will not substitute its judgment for that of the jury, where there is evidence reasonably tending to support the conclusions arrived at by the jury. Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553. And before this court can interfere with the verdict of the jury on the ground of the insufficiency of the evidence to sustain the conviction, there must be no competent evidence in the record upon which the verdict could be based. Rule v. State, 84 Okla. Cr. 347, 182 P. 2d 525. But because of the closeness of the question of the sufficiency of the evidence, and the erroneous argument of the county attorney, the judgment and sentence is modified by reduction of the fine from $100 to $50. For all of the above and foregoing reasons, the judgment and sentence of the trial court is accordingly affirmed, as modified.

JONES, P. J., and POWELL, J., concur.