## STORY v. STATE.

No. A-11238.   Aug. 2, 1950.

(221 P. 2d 682.)

132

A. O. Manning, Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The plaintiff in error, hereinafter referred to as defendant, in the within case has appealed to this court for the second time. In an opinion of December 1, 1948, reported as Story v. State, 88 Okla.

Cr. 141, 200 P. 2d 774 ,the case was reversed and remanded for a new trial.

It appears from the record that on September 10, 1946, an information was filed in the county court of Major county, charging that on September 9, 1946, the defendant, Ethel Story, and Pat Topley were in the unlawful possession of 36½ pints of tax-paid whisky and 20 four-fifths quarts of tax-paid wine. The case was tried to a jury on May 6, 1947, Ethel Story having obtained a severance, and a verdict of guilty was returned, but the punishment was not fixed, though the jury wrote into their verdict "we recommend leniency." Thereafter, the court fixed the punishment at a fine of $50, and 30 days in the county jail. On appeal the case was reversed and remanded by reason of the failure of the trial court to include an instruction on circumstantial evidence. That case, mentioned above, may be referred to for a summary of the evidence supporting the conclusion reached. The case was again tried in the same court before the same judge, on March 24, 1949, and the state and the defendant called the same witnesses who testified at the first trial, and their testimony was substantially the same as given by them at the previous trial. The defendant, Ethel Story, was again found guilty, and again the jury left the punishment to be fixed by the court, but properly this time the jury made no recommendation. The court thereafter imposed a fine of $250 and a term of 30 days in jail.

For reversal of this case, it is first contended that the court erred in overruling defendant's motion to suppress evidence. It is contended that there is not a single averment in the affidavit for the search warrant that could be interpreted as anything but a mere conclusion. We have examined the affidavit for search warrant in this case, and in light of Wagner v. State, 72 Okla. Cr.

393, 117 P. 2d 162, 163, find that it contains all the necessary averments upon which to base a valid and legal search warrant. The affidavit sets forth positive facts and is not based on information and belief. The question raised has been treated at length in the Wagner case, supra, and that case may be studied for a clearer understanding of the rule involved. There we said:

"An affidavit for the procurement of a search warrant should not be based upon information and belief, but should state facts upon which the same is based; but when facts are stated in the affidavit, and the same are positive, and by one who has a right to know the facts, it is sufficient ground for the magistrate to issue the warrant."

It is further contended that the court erred in not permitting counsel to prove by the officer who signed the affidavit that his information was based entirely upon statements made by one Pat Topley, and not on the personal knowledge of affiant that the intoxicating liquor was being kept on the premises of defendant. This is answered in the case of Rausch v. State, 65 Okla. Cr. 52, 82 P. 2d 687, wherein we said:

"If affidavit or complaint and search warrant issued thereon are sufficient on their face, evidence obtained by search is admissible, and the court will not permit a defendant to show that the statements in affidavit or complaint are not true, or to raise any question as to the accuracy of the source of affiant's information or means by which it was obtained."

The defendant finally argues that the judgment and sentence is not supported by sufficient evidence, and is contrary to the law and the evidence.

In addition to the factual matters set out in our previous opinion, which facts were also developed in the second trial, being the one here involved, we would here

point out that the evidence developed that title to premises and improvements in question was vested in the defendant; that she had recently operated in the residence occupied by her a so-called club, where the customers would bring their beer, and had pleaded guilty to selling beer without a license, though defendant claims that she only got paid for cooling the beer; that one Pat Topley had a room in the residence and boarded with defendant; that he fed and milked her cow and worked in the garage on the place repairing cars. Defendant claims that the whisky belonged to Topley, and Harry Sweet who worked in the garage on the place dismantling old cars, testified that while he did not know who owned the liquor found by the officers, that Topley had told him that the whisky belonged to him. Sweet admitted on cross-examination that he had been helping drink the whisky off and on every three or four days; that defendant was his first cousin, that she was "Boss" of the place and that he did not think the grandson, Perry Don Bouer or Mrs. Moorehead, other occupants of the place, knew anything about the whisky.

Homer Compton, deputy sheriff, testified that he got a call to come down to Ethel Story's just as quickly as he could; that he and Deputy Willard Hein answered the call and went to the north side of the house and that one Pat Topley came around and asked the officers if they were after him, and the officers went around the house and found the defendant and her 15 year old grandson, both crying, and found Harry Sweet. Defendant agreed to file a charge against Pat Topley for beating her and the grandson; thereupon Topley told the officers that there was plenty of whisky on the place. Deputy Hein took Topley, who was under the influence of liquor, to jail, and was to obtain a search warrant

to search defendant's place. Meanwhile, Deputy Compton stayed on the place awaiting the search warrant. He testified that the defendant asked him what the penalty would be for possession of whisky. Also said officer testified that defendant told him that it was her money and Pat's whisky. When the whisky was found defendant wanted to know what was going to be done with it. The officer testified: "She said: 'You are not going to take my whisky, are you?' and I said: 'I sure am, and going to take you too.'"

The evidence shows that the defendant became nervous and went in the house and that she fainted and the grandson came out and asked witness in to help with defendant; that while he was in the house one Virgil Gross knocked at the door, and witness opened it and when Gross saw him he did not have anything to say and left; that at one time a taxi driver by the name of Jones drove up, that Mr. Sweet walked up to the car and told the driver and a passenger that the deputy sheriff was there, and that they drove off and did not get out of the taxi. Finally Deputy Hein returned with a search warrant and accompanied by Deputy Sheriff Wiley, and the whisky in question was found in milk cans in a hay stack belonging to defendant and in her cowpen, and right back of her house.

From a study of the entire record we are convinced that the jury had ample evidence upon which to base their verdict of guilty. See Rogers v. State, 85 Okla Cr. 116, 185 P. 2d 927, where we held:

"Where a conviction rests upon circumstantial evidence and circumstances are proved from which a reasonable logical inference of guilt clearly arises and which excludes any reasonable hypothesis except the guilt of the accused, although the evidence is conflicting, Crim-

inal Court of Appeals will not disturb the verdict for insufficiency of the evidence."

At the time the trial court sentenced defendant, the court made the following statement:

"Ethel Story, you are informed by the court that you and Pat Topley, on the 10th day of September, 1946, were both jointly charged and at the hearing on the first case, Pat Topley, the other defendant, Ethel Story called for a severance and the severance was granted. And the state elected to try Pat Topley first. In the Pat Topley case, the court sustained the demurrer to the evidence in the case, for the simple reason that there was not a scintilla of testimony against Pat Topley. After that you were tried and the jury found you guilty and recommended leniency. The court granted you this. The sentence at that time was $50 and 30 days in jail. You appealed to the Criminal Court of Appeals. They remanded the case. Now you are tried again, because the Criminal Court of Appeals ordered the County Judge to grant a new trial, and you are tried at this time and again you were found guilty, and did not recommend any leniency for you at all. So at this time it is the duty of the Judge to sentence you.

"It is the judgment of the Court, that you pay a fine of $250 and serve 30 days in the County Jail, and you are allowed exceptions."

Of course, the recommendation of the jury was improper in the first instance, and not binding on the court. Parker v. State, 91 Okla. Cr. 71, 216 P. 2d 340; Bohot v. State, 89 Okla. Cr. 238, 206 P. 2d 585; Cole v. State, 70 Okla. Cr. 109, 104 P. 2d 981; Estes v. State, 35 Okla. Cr. 335, 250 P. 809. It was the duty of the jury to assess the punishment. Tit. 22 O.S.A. § 926. And on failure to do so, then it was the duty of the court to fix the punishment. Tit. 22 O.S.A. § 927. The fact that the jury did not advise leniency at the second trial should have had no bearing on the amount of punishment the trial

court decided to inflict, and a greater punishment should not be inflicted by reason of a defendant having appealed from the first judgment. But in this case, it is not clear that such was the case. There was sufficient evidence in the record to have supported the joint charge against defendant and Topley and for submission of the case to the jury as to Topley, had he been tried with defendant. From the statement of the court, on separate trial, not much effort was made to bring out Topley's connection with the whisky, and a demurrer was sustained as to him. But the fact that Topley was not convicted, though, according to defendant, the handler of the whisky, has no bearing here in her defense. The jury considered her testimony in connection with the other evidence, and found against her, and this court will not substitute its judgment as to the facts for that of the jury, where there is conflicting evidence. Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758; Coats v. State, 90 Okla. Cr. 217, 212 P. 2d 141.

But in furtherance of justice, considering all the facts and circumstances, it is our opinion that the judgment of the court fixing the punishment should be modified by reducing the fine from $250 to $100, the term of imprisonment in the county jail to remain at 30 days, and as so modified, the judgment and sentence is affirmed.

JONES, P. J., and BRETT, J., concur.