# TAYLOR v. STATE.

No. A-11406.  Sept. 26, 1951.

(236 P. 2d 270.)

Jay D. Jones, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  Plaintiff in error Donald Ralph Taylor, defendant below, was charged in the county court of Stephens county, Oklahoma, by information with the offense of driving an automobile while under the influence of intoxicating liquor, Title 47, § 93, O. S. A. 1941.  He was tried by a jury, convicted, his punishment fixed at a fine of $100 and costs and judgment and sentence entered accordingly.  He complains of said judgment and appeals herein.  The state has filed no brief herein but we shall proceed without it.  The defendant predicates his appeal upon two grounds, first, insufficiency of the evidence to sustain the conviction and the trial court's failure to sustain defendant's demurrer and its failure to direct the verdict for the defendant.  Second, the failure of the trial court to instruct on the defendant's theory of defense.

Briefly, the facts as developed in the case are as follows: Highway Patrolman Bill Grimes and Deputy Sheriff Woodrow Wilson were driving on Highway 7 east of Duncan.  They observed the defendant's car about 2:50 p. m. pull out on the highway from a filling station and barely missed colliding with another car.  The officers decided to give the defendant a warning so they followed him.  Defendant's car was weaving badly as he drove down the highway according to Officer Bill Grimes.  Soon thereafter the officers stopped the defendant.  The stop was effected by use of the siren and the red light.  Taylor got out of the car on the side where Officer Grimes was located and Officer Grimes said he was in a very drunken and intoxicated condition.  He was so drunk he testified he had to use the car to hold himself up.  Furthermore, he had a strong odor of an intoxicant and his speech was thick and he was staggering.  At the same time Deputy Sheriff Woodrow Wilson took custody of Alva Ellis on the other side of the car.  Mr. Wilson found what he said was a sealed, unopened pint bottle of Old Crow whiskey on the back seat of the car in a Christmas box, both ends of which box were torn open.  Mr. Grimes testified it was a part of a bottle of whiskey.  Ellis denied knowledge it was there.  Defendant Taylor was not interrogated in relation thereto.  The fact is the bottle of whiskey was in the back seat.  The defendant made no denial thereof.  Mr. Wilson testified that he took Mr. Ellis on into the county jail in Mr. Taylor's car.  Mr. Grimes took custody of Mr. Taylor.  Mr. Wilson was asked "Did you have an

opportunity to observe Mr. Taylor out there?" To which he answered "No, I did not pay much attention to Don because I had this other fellow." He further testified when he got to the jail with Mr. Ellis he made out an identification card, and Mr. Grimes walked in with Taylor. Mr. Grimes as hereinbefore indicated brought Mr. Taylor into the jail in the highway patrol car. · Mr. Wilson testified Don Taylor leaned on the desk and said "I am not drunk" and Mr. Wilson said "What is the matter", and Taylor said "I have been weak and taking medicine and makes me drowsy", and Mr. Wilson said "You are either drunk or doped". Further on in the evidence Mr. Wilson was asked "In your opinion state whether or not this defendant was drunk or sober". The answer was "I would say he was either drunk or doped but something was wrong with him. He acted funny". Wilson said he was not close enough to Don Taylor at any time to smell his breath. When the prisoners were taken from the sheriff's office up to the jail Wilson said Mr. Grimes and Taylor went up first. He stated that he had Mr. Ellis and came up afterwards, that he did not see defendant Taylor stagger. He did say however that the defendant had a very peculiar look, "His face was red and his eyes sunk in his head and he acted funny to me". The defendant contends that the foregoing evidence is conflicting. With this contention we cannot agree. It merely shows that for some reason Mr. Wilson was not as observant of Mr. Taylor's conduct as he might have been. It is well to observe that Mr. Ellis plead guilty and paid a fine of $56 for being drunk and that a short time prior to his arrest, he had a fight in which he was knocked down. This fight arose out of some damage they did in a slight collision with another car. This may in a measure explain Mr. Wilson's inability to observe Mr. Taylor more closely. It may have been necessary that he keep his eyes on Mr. Ellis who was in his custody. Defendant relies on the cases of Clark v. State, 65 Okla. Cr. 56, 82 P. 2d 844, and Jackson v. State, 12 Okla. Cr. 446, 158 P. 292, to the effect that a judgment of conviction could not be had upon testimony for the state when the testimony comes wholly from two witnesses of equal credibility, one testifying to the guilt and the other testifying to the innocence of the accused. We do not believe these opinions are applicable hereto. We are of the opinion that while the testimony of Mr. Grimes is stronger against the defendant Taylor than that of Mr. Wilson's against the defendant Taylor, but it is by no means in conflict. The state's evidence was certainly sufficient to make out a prima facie case and withstand the defendant's demurrer and his request for a directed verdict.

The defendant's defense was that he was not drunk but was affected by anahistimine tablets he had been taking for three days for relief of a deep cold. He said it made him dizzy and feel groggy. Dr. Richard Ellis, a reputable physician of Duncan, Oklahoma, was offered in support of the proposition that anahistimine would make one groggy, and dizzy. He said they might even produce sinking of the eyes and loss of control. He testified they would not produce an aroma of intoxicants. If however the person was a diabetic there would be an odor of acitone. There was no showing that the defendant was a diabetic. The defendant denied he was drunk or had been drinking that day. But Ellis admitted he had drunk a little egg nog about noon that day. This testimony and his denial of being drunk and the testimony of Mr. Ellis, a Mr. Jones, a prisoner in the jail, and a Mr. Ray who saw the defendant say about 2:30 p. m., to the effect he was not drunk presents a conflict in the evidence, with that presented by the state which creates a question entirely for the determination of the jury. This court has repeatedly held under such conditions the sufficiency of the evidence is for the jury to determine, Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638; Rule v. State, 84 Okla. Cr. 347, 182 P. 2d 525. However as was stated in the Rule case under the evidence the jury

might have found either for or against the defendant but the determination of the issues under such conditions is with the jury and not with us.

Finally the defendant complains he requested an instruction on the special theory that he was not drunk but sick from the use of anahistimine tablets. He did not prepare in writing and submit to the trial court such an instruction. We believe under the conditions herewith presented the general instructions were sufficient to cover the issues. In any event in Fields v. State, 85 Okla. Cr. 439, 188 P. 2d 231, it was said where an additional instruction is desired it is the duty of the defendant's counsel to reduce the desired instruction to writing and request the giving thereof, and in the absence of such request a conviction will not be reversed unless the Criminal Court of Appeals believes in light of the entire record and instructions that the defendant was deprived of a substantial right. See also in this connection Carpenter v. State, 56 Okla. Cr. 76, 33 P. 2d 637. Under the conditions herewith presented, the court's failure to comply with the defendant's verbal request unaccompanied by the instruction in writing was not reversible error. The judgment and sentence is affirmed.

JONES and POWELL, JJ., concur.