# BOSTIC v. STATE.

### No. A-11569. Dec. 19, 1951.

### (239 P. 2d 447.)

L. W. Wiley, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Fred (Fats) Bostic, defendant below, was charged by information in the county court of Muskogee county, Oklahoma, with the offense of Maintaining a Public Nuisance, to-wit, The Kit Kat Club, a dine and dance establishment where intoxicating liquors were kept and sold, drunks congregated, fighting and gambling took place, all contrary to law. Title 50,

§ 2, defining public nuisances, and Title 21, § 1191, O. S. 1941, fixing the punishment for maintaining a public nuisance. The defendant was tried and convicted by a jury, which left the punishment to the trial court. The trial court fixed the penalty at 30 days in jail and a fine of $50 and entered judgment and sentence accordingly, from which this appeal has been perfected.

The evidence, herein, supports the charge and conviction, judgment and sentence. The record discloses briefly, that the defendant owned and operated the Kit Kat Club, a dine and dance establishment located 6½ miles west of Muskogee, Oklahoma. That on the 18th day of January 1950 at about 5:00 o'clock in the morning there were from 10 to 15 persons congregated at the Kit Kat Club. A considerable number, if not all of said parties, had been drinking whiskey, as evidenced by several empty whiskey bottles found in the booths and around the premises, including 2 empty whiskey bottles on the back bar. At least one, and possibly two, of the persons in the establishment, had whiskey on their persons. Several of the persons were arrested for drunkenness and some of them, later, plead guilty to such charge. The record further shows that a disturbance arose between John Baxter, Jr., and Frank Jack Peters, concerning a bet on an automobile race, they had staged on Highway 69 to the Y at Wagoner. During the disturbance Peters endeavored to get Baxter to go outside and fight with him, which Baxter declined to do. Peters then went outside and fired his pistol into the window a couple of times, then came in and he and Baxter fired several shots at each other wounding one another, and shooting Bostic, the defendant, in the hip. It appears that the place was alive with firearms. One pistol was found in the electric ice box in the kitchen; one was found under the front bar; one was found in Mrs. Bostic's purse; and 2 guns in the trunk of a car parked outside, as well as the guns used by Baxter and Peters.

The defendant assigns as error, among other unmeritorious assignments, the court's failure to sustain his motion for new trial and the ground of insufficiency of the evidence. This court has repeatedly held that before the Criminal Court of Appeals will interfere with the jury's verdict on the ground that the evidence was insufficient to sustain the conviction, there must be no evidence upon which the verdict could be based. Rule v. State, 84 Okla. Cr. 347, 182 P. 2d 525; Ritter v. State, 84 Okla. Cr. 418, 183 P. 2d 257. The evidence herein is more than ample. No briefs were filed herein, but we have examined the record for prejudicial and fundamental error, and finding none the judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.