Allen Frank WASS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12002.

Criminal Court of Appeals of Oklahoma.

Sept. 8, 1954.

Rehearing Denied Sept. 22, 1954.

west of Cache Creek bridge, Lt. Kelsoe testified they noticed a car traveling west on the highway, weaving on the highway and that they pulled off on the shoulder, turned around and proceeded to follow him for nearly a half mile before they stopped the Cadillac automobile. In this half mile he testified that the defendant Wass who was driving the Cadillac crossed the center line 3 or 4 times and that in meeting another automobile the Cadillac pulled two wheels out on the shoulder off the pavement, twice, that the Cadillac driven by the defendant was weaving around, back and forth across the highway. The automobile that he met observing that defendant Wass' car was weaving also slowed down and pulled its two wheels off the shoulder. Lt. Raley testified this occurred about 5:45 p. m., and that it was in Comanche county, Oklahoma. As the result of observing the actions of the driver, he said, he placed him under arrest and put him in the patrol car and brought him into the sheriff's office in Lawton. The defendant had two passengers with him and that he likewise arrested them for being drunk in a public place. The record shows that both of them plead guilty to the charge as testified to by the defendant. Patrolman Kelsoe testified that it was his opinion that the defendant was intoxicated. He based his conclusion upon the fact that he had a strong smell of intoxicants on his breath, that he was staggering on his feet, and that in his speech he stuttered.

Lewis F. Oerke, and Logan, Godlove & Cummins, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Allen Frank Wass, defendant below, was charged in the county court of Comanche county, Oklahoma, for the offense of operating a motor vehicle on the public highways from an unknown point to a point one half mile east of Lawton, Oklahoma, in Comanche county, Oklahoma, on Highway 7, while under the influence of intoxicants, on March 16, 1953. He was tried by a jury, convicted and his punishment fixed at a fine of $150; judgment and sentence entered accordingly, from which this appeal has been perfected.

The first contention of the defendant is that the evidence is insufficient to sustain the verdict, judgment and sentence. An examination of the record in this regard discloses that Leonard Kelsoe and Lt. C. T. Raley of the Highway Patrol at Lawton, received a telephone call that a man was driving a Cadillac automobile in an unreasonable manner on the highway east of Lawton. They proceeded to a point about a mile east of Lawton and just back

Mr. William H. Clanton who operated the service station on Highway 7 east of Lawton, testified that he saw the defendant leave his filling station, and that his automobile was weaving, ran off the slab completely twice in less than half a mile, and that it was he who called the Highway Patrol and gave them the information about the automobile being driven in an unreasonable manner. Deputy Sheriff M. T. McCracken, who was also the jailer, of Comanche county, Oklahoma, testified that he observed the defendant when he was brought into the jail. He said that he had been a peace officer between 10 and 11 years and that he had opportunity to ob-

serve many persons in various stages of intoxication. He said that Mr. Wass laughed, and talked and patted every one and that you could smell that he had been drinking from the odor on him when he spoke; that he would get mixed up in his speech. He finally testified that he would say that the defendant was intoxicated, "in any event he had too much to be driving a car from the smell of him in the office". Mr. Everett R. Hale, Sheriff of Comanche county, testified that he observed the defendant and that he was under the influence of whiskey, that he was not staggering or anything like that but he appeared that he had been drinking. Mr. Kelsoe was needlessly recalled to testify that the offense complained of was committed in Comanche county, Oklahoma.

Thereafter Dr. W. H. Vann, a licensed M. D., took the stand and testified at great length, that he had known the defendant for about 15 years and that he had serious operation and that he had prescribed antihistamine for him, that this drug makes him zig-zag some times when he walked. He admitted however that these drugs would not make him smell like he had been drinking. His testimony bore no relation whatsoever to the condition of the defendant on March 16, 1953. In response to the question as to whether or not the defendant drank his answer was, "not any more than I do, sir".

The defendant took the witness stand in his own behalf and denied that he was intoxicated and related that he had been taking antihistamine as prescribed by Dr. Vann. On this point the defendant's testimony is exceedingly weak. In relation to the last time he had taken some of these drugs he said, "Well, it was I think before I started down". The record in this regard discloses that he left for Lawton about 10:00 o'clock in the morning. It further shows that he was not arrested until about 5:45 p. m. As to when he had anything to drink he said, "Well, I can't say, sir, and I cannot tell you exactly, I haven't drunk very much, because I have to take so much medicine". In addition to the foregoing defendant offered numerous character witnesses including district Judge L. A. Wood of Chickasha; County Commissioner Kleeman of Comanche county; Mr. Jim Thornton of Lawton, and several other witnesses who testified as to his general reputation being good. None of them knew anything about the facts involved in this case.

■ It is apparent that the foregoing testimony presented conflicting evidence which created a question of fact for the jury. In this regard we have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, Criminal Court of Appeals will not interfere with the verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Menefee v. State, Okl.Cr., 260 P.2d 413; Holman v. State, Okl.Cr., 262 P.2d 456; Williams v. State, Okl.Cr., 263 P.2d 527; Taylor v. State, 94 Okl.Cr. 368, 236 P.2d 270.

■ The second contention of the defendant is that the trial court erred in allowing the state to re-open its case and introduce additional testimony in support of venue. This point of course is predicated upon the state's recalling Patrolman Kelsoe to establish venue after the state had closed its case. This maneuver was entirely unnecessary for the record discloses that in his testimony in chief he testified positively that these things occurred within Comanche county, Oklahoma.

■ The defendant's third proposition is that the court erred in failing to instruct on the defendant's theory of the defense to the effect that he was not drunk but only under the influence of antihistamine drugs. It appears that this point was not raised in the motion for new trial, and it does not appear in the petition in error. We are therefore not at liberty to consider the matter since the same has not been properly preserved. Kizer v. State, Okl.Cr., 249 P. 2d 132, 133:

"An assignment of error not raised in the motion for a new trial nor in the petition in error will not be considered unless the question raised is so fundamental that it deprived the court of jurisdiction."

Furthermore there was no request for such an instruction. In Taylor v. State, Okl.Cr., 236 P.2d 270, at page 272, in the body of the opinion it was said:

"Finally the defendant complains he requested an instruction on the special theory that he was not drunk but sick from the use of antihistamine tablets. He did not prepare in writing and submit to the trial court such an instruction. We believe under the conditions herewith presented the general instructions were sufficient to cover the issues. In any event in Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231, it was said where an additional instruction is desired it is the duty of the defendant's counsel to reduce the desired instruction to writing and request the giving thereof, and in the absence of such request a conviction will not be reversed unless the Criminal Court of Appeals believes in light of the entire record and instructions that the defendant was deprived of a substantial right. See also in this connection Carpenter v. State, 56 Okl.Cr. 76, 33 P.2d 637. Under the conditions herewith presented, the court's failure to comply with the defendant's verbal request unaccompanied by the instruction in writing was not reversible error. The judgment and sentence is affirmed."

The testimony of the defendant in regard to the antihistamine being the cause of his condition is so weak it does not deserve respectable notice. Hence no substantial right was involved. In light of the foregoing it is apparent that the judgment and sentence must accordingly be affirmed.

POWELL, P. J., and JONES, J., concur.