V. A. SIMMONS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13074.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1962.

Rehearing Denied June 14, 1962.

Carl Rizley, Sayre, McKeever, Glasser, McKeever & Conrad, by Douglas McKeever, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

V. A. Simmons, the plaintiff in error, who shall hereinafter be referred to as the defendant, was charged by information in the district court of Blaine County with

the crime of burglary in second degree. He was tried before a jury, found guilty and his punishment assessed at two years in the Oklahoma State Penitentiary.

Defendant lodged his appeal in this court within the time prescribed by law, advancing argument upon two assignments of error set forth as follows:

"1. The trial court committed error in overruling the motion for mistrial of the defendant timely made at the trial due to the voluntary and improper statement made by Ervin E. Oyler, Sheriff of Blaine County, Oklahoma, in his testimony at the trial resulting in prejudice to the rights of the defendant.

"2. The defendant was eligible for a suspended sentence under Title 22 OSA § 1066 and he was deprived of an opportunity for the jury to recommend a suspended sentence to the trial judge because of the voluntary, unsolicited, and improper statement of the witness, Oyler, and the trial court erred in overruling a motion for mistrial."

A review of the case-made reflects that defendant, with two other men, did break and enter the Co-op Service Station in the town of Hitchcock, Oklahoma. They were detected while in the place of business. The sheriff was called and with deputies arrived and apprehended the defendant and his associates in the building. They had assembled numerous items, placed them in a basket evidently for removal. The cigarette machine had been pried open and was laying in the wash room with the cigarettes removed. Defendant did not deny the offense, contending he was drinking at the time and agreed what the state witness told was the truth. He said he was sorry and would never do it again if he were cleared of the charge. There can be no question as to guilt as defendant virtually plead guilty on the stand.

Defendant's first assignment of error revolves around the testimony of Sheriff Oyler as follows:

"Q. Mr. Oyler, there wasn't anything taken out of the Co-op Station there that night, was there? Isn't that true?

"A. No, but there was—

"Q. Just answer me, please, first yes or nor, then I'll allow you to elaborate on it.

"A. Not taken out of the building at the time, no.

"Q. Then whatever it was you found in the car you testified about did not come from this place, did it?

"A. No, That came out of a store they broke into at—

"Q. Just a minute. You don't know where that came from, do you?"

Thereafter during a recess the attorneys for plaintiff in error moved for a mistrial on the basis of the voluntary statement by the witness, Ervin E. Oyler, given in his testimony as set forth above.

The following proceedings were had out of the presence of the jury:

"Mr. Rizley: Comes now the defendant, V. A. Simmons, and moves the court to grant a mistrial in this cause for the following reason: That the sheriff, Mike Oyler, was called as a witness in this case and testified as follows concerning certain merchandise in a certain Chevrolet automobile, which he identified as belonging to V. A. Simmons, as follows: 'No, That came out of a store they broke into at—' That such statements were voluntarily given by the sheriff and were not responsive to any question either on direct or cross examination and are highly prejudicial to the rights of this defendant and are such as would prejudice the jury in its ultimate judgment in this cause.

"The Court: Overruled. The court now offers to strike such objectionable statement from the record and instruct the jury not to consider the same, if counsel desire that the court do so.

"Mr. Rizley: To which offer of the court the defendant does not request.

"The Court: Then the court will not so instruct the jury."

We agree that the voluntary remarks by the sheriff were highly improper and indicates an eagerness for conviction with which witness should not be cloaked.

This Court has often criticized such practice and does not herein condone. However, it is to be observed that. the record is void of any objection to the improper remarks and the incident was not referred to until the state had completed its case. When the state rested its case the defense counsel then moved for a mistrial upon the grounds the sheriff's remarks were prejudicial to the defendant. The court offered to strike the remarks from the record and admonish the jury not to consider the same. The defense counsel refused to accept the offer.

■ This court said in the case of Cook v. State, Okl.Cr., 367 P.2d 730:

"Where improper remarks are made, it is the duty of defense counsel to immediately impose an objection and to request an instruction that remarks are improper and not to be considered by the jury."

If the remarks are such that they can be cured by an admonition the opportunity should be afforded the trial judge to do so. If they were such that an admonition would not remove the harpoon without injury to the defendant, the Court of Criminal Appeals would entertain reversal had a motion for mistrial been overruled. However, no objection was made in the instant case to the voluntary statement until after the state rested, then in the form of a motion for mistrial.

■ This court held in the case of Franklin v. State, 71 Okl.Cr. 115, 109 P.2d 239:

"Where the record does not show that counsel for [defendant] objected or excepted to the admission of the evidence complained of, his assignment of

error thereon is not reviewable, because not properly preserved." Also see Johnson v. State, 70 Okl.Cr. 270, 106 P.2d 149.

Had defense counsel been in good faith about their contention they should have excepted the trial judge's offer to admonish the jury. Actually, an objection should have been made to the improper remarks of the sheriff at the time given. Your writer fails to see where defendant was prejudiced by the remarks as he virtually admitted his guilt and was given the minimum punishment of two years in the state penitentiary.

■ Defendant next contends that the improper statements by Sheriff Oyler deprived defendant of the opportunity for the jury to recommend a suspended sentence. Under the law as established by this Court the granting of a suspended sentence as set forth in Title 22 O.S.A. § 991 is in the discretion of the trial judge and not the jury. There is nothing to prevent a jury from recommending a suspended sentence in their verdict but it is by no means binding upon the trial judge and this court has consistently held such recommendation to the jury to be surplusage and improper. See Cole v. State, 70 Okl.Cr. 109, 104 P.2d 981. Also Estes v. State, 35 Okl.Cr. 335, 250 P. 809, and Hughes v. State, Okl.Cr., 346 P.2d 355.

■ If defense counsel had wanted to pursue their privilege under the suspended sentence law they should have made application to the trial judge for a suspended sentence and they would have been entitled to a hearing thereon prior to the pronouncement of judgment and sentence. The record is void of any such application being made; likewise, it does not reveal that a suspended sentence was ever mentioned to the trial judge.

Considering the record in its entirety indicates that defendant was represented by able counsel. That the state's evidence was sufficient. That defendant presented no substantial defense and admitted the state's evidence to be true. He received

the minimum punishment under the statute for the offense charged.

We find no errors sufficient to justify reversal. The judgment and sentence of the trial court is therefore affirmed.

BRETT and BUSSEY, JJ., concur.